### Daniel Campbell vs. Benjamin Bateman.

Although the court err in their instruction to the jury, yet the verdict will not, for that cause, be set aside, if it appear from the whole case to be right.

Where the owners of adjoining lands agree upon a division line, by parol, which by mistake, is not the true line, such agreement amounts to a *licence* to occupy to such line, and ejectment will not lie till that licence is revoked, and notice thereof given.

*Dictum.*—The owners of adjacent lands, where the division line is uncertain, occupy at their peril, and it is not incumbent on either, to point out the exact boundary to the other, or to give him notice to quit, in order to maintain ejectment.

THIS cause came before the court on a motion by the plaintiff to set aside a *non-suit*, by him entered at the last term of Rutland county court. It was predicated upon the following case, agreed upon by the parties, and with the record certified to this Court.

This was an action of ejectment, commenced 3d of April, 1824. The defendant's title to seventy acres of land, off the north end of the plaintiff's original farm, to be bounded on the south by an east and west line, and the plaintiff's title to the land south of, and adjoining the said seventy acres, were both admitted. The title of the defendant was derived from grantors, who held under the plaintiff.

Plea, the general issue, and a disclaimer of all but the seventy acres.

It was in evidence, that in September, 1821, the defendant surveyed and run a division line between himself and the plaintiff, a few days after the conveyance to the defendant, and the same year in the fall, the defendant built a rail fence on the said line, of some length, at the west end thereof, which fence is now standing: that in April, 1822, by mutual agreement, a second survey was made, and the parties then established the line of division, two or three rods farther north than the former line; that in June or July, 1822, the parties agreed on a division of the line fence, and the defendant made thirty rods of stone wall on the line surveyed in 1822; and the plaintiff agreed to make the fence on the west end of said line run in 1822; and the parties acquiesced in the said line run in 1822, which left a small strip of land between the first and second survey; and that the plaintiff occupied said strip, but neglected to make said fence; that in August, 1823, the plaintiff ordered the defendant to move said rail fence, which the defendant neglected and refused to do; that since the commencement of this suit, the plaintiff caused a new survey to be made, tending to show, that the line ought to be still farther north than the second survey, on which the wall had been built by the defendant. And it was admitted, that at the time of the commencement of the plaintiff's action, the defendant occupied all the land north of said second survey.

The defendant then offered evidence to show, that the plaintiff, previous to the notice in 1822 and 1823, had acquiesced in the erection of said wall, and the line on which the same was

Rutland,
January,
1827.

Campbell
vs.
Bateman.

made as aforesaid, and that the plaintiff had occupied the strip between the lines of the first and second survey, as aforesaid : to the admission of which evidence, the counsel for the plaintiff objected ; but it was admitted by the court.

The court further decided, that the plaintiff ought, under such circumstances, previous to the commencing his suit, to have had a correct survey made, showing where the division line ought to have been, and have given formal notice to the defendant to move his fence on to such line off from the plaintiff's land, or at least, to have given the defendant regular notice to quit the possession of the piece still claimed by the plaintiff; to which opinion of the court, the counsel for the plaintiff excepted, and thereupon the plaintiff suffered a nonsuit, with leave to set the same aside, should the supreme court, on a hearing, consider the above decision of the county court incorrect.

*Hodges*, in support of the motion, insisted, that the decisions of the county court appearing in the case, were incorrect, for the following reasons :

*First,* The owners of lands adjacent to uncertain division lines occupy them at their peril, nor is it incumbent on either to point out the exact boundaries to the other: neither does the parol establishment of the line, in this case, take it out of the rule, because,

1. It was originally of no force,

2. And was disaffirmed by *Bateman's* refusal to remove the fence when requested.

*Second.* If any notice to quit was necessary, the order to remove the fence, given in August, 1823, (more than six months previous to commencing the action,) was sufficient, without specifying the exact lines.

*Third.* The evidence, that *Campbell* occupied the land between the two lines first run, previous to the notice, was inadmissible; since,

1. The question was, who occupied it at the time of action brought?

2. *Bateman* occupied it by his fence.

3. And by that occupation and refusing to remove his fence, assumed the property therein, or at least, a right of possession.

4. And by so doing, and thus disaffirming the parol division, he opened the whole contest concerning the boundaries.

*Newell & Clark, contra,* argued,

1. That if the defendant was in the possession and occupancy of more than seventy acres, it was by the consent and agreement of the plaintiff, and that it was competent for the defendant to prove that agreement and consent by parol, and that the evidence was properly admitted.

2. That the opinion of the court on the subject of the *notice* was correct; for if the defendant occupied any of the plaintiff's land, it was in the return of a tenancy from year to year, and he was entitled to notice before action brought, the plaintiff being the original grantor.

And they cited *Stat.* p. ·187----8.—*Livingston* vs. *Bryan*, ·1 Johns. R. 332.—*Weakley* vs. *Bucknell*, *Cowp.* 473.—*Livingston* vs. *Wilsey*, 9 *Johns.* 267.—*Ostrander* vs. *Bowen*, *ib.* 330.

*Rutland, January, 1827.*

*Campbell vs. Bateman.*

The opinion of the court was delivered by

Skinner, Ch. J. The material facts in the case are, the plaintiff is the proprietor of a farm of land, situate south of, and adjoining lands of the defendant. In 1821, the defendant erected a rail fence on what he claimed as the line between them. In 1822, the parties mutually agreed upon the line a little north of the fence so erected by the defendant, and the plaintiff has since, by mutual consent, occupied the strip between the line upon which the defendant erected the fence, and the line agreed upon. The parties then agreed on the division of the fence, by them respectively to be made on the line, and the defendant erected thirty rods of wall. In 1823, the plaintiff ordered the defendant to remove the rail fence, so by him erected. The plaintiff also claims, that the true line between them is farther north than that agreed upon in 1822. This action was brought the 3d of April, 1824. The court admitted evidence on the part of the defendant, (though objected to by the plaintiff,) to show the assent of the plaintiff to the erection of the wall by the defendant, to his acquiescence in that line, and to his having occupied and improved the strip of land north of the rail fence, up to the line agreed upon in 1822. The case then states, the court decided, it was the duty of the plaintiff, previous to bringing his action, to have caused a correct survey made, showing the true line, and to have given formal notice to the defendant to move his fence to such line, or at least, to have given the defendant regular notice to quit; and thereupon a non-suit was entered under a rule, &c.

No action of *ejectment* could lie for the erection of the rail fence, in as much as the plaintiff, at the time of bringing the suit, was, and long before had been, in possession of the land on which it stood, as also upon both sides thereof, and no claim was set up by the defendant; neither will such action lie for neglecting to remove the fence.

The opinion of the court expressed upon the trial, (which seems to have been rather with a view to apprize the parties of the principles upon which the jury would be instructed, than to decide any question presented,) "that the plaintiff, previous to commencing his suit, ought to have had a correct survey made, showing where the division line ought to have been, and have given formal notice to the defendant to move his fence on to such line, or at least, to have given the defendant regular notice to quit," was not altogether correct. As the counsel for the defendant insists, the owners of adjacent lands, (the division line being uncertain or unkown,) occupy at their peril, nor is it incumbent upon either, to point out the exact boundary to the other, nor is it necessary to give regular notice to quit;

Campbell
*vs.*
Bateman.

that is to say, such notice as is required where the relation of landlord and tenant subsists. But in this case, although the opinion of the court thus expressed, and which undoubtedly induced the plaintiff to submit to a non-suit, may have been erroneous, the facts appearing upon the record, show very clearly, that the non-suit ought to stand.

There is no evidence, nor is it pretended, that the plaintiff made any other request or demand upon the defendant, but to remove the rail fence. And it was in evidence on trial, and is not denied, that the defendant was in possession only to the line agreed upon by the parties in 1822, and erected his stone fence by the consent of the plaintiff.

Admitting then, that the true line is yet farther north, that the defendant is in possession of a portion of the plaintiff's premises, that the parol agreement as 'to the line in 1822, is not conclusive upon the rights of the parties, and that the defendant is not the tenant of the plaintiff, so as to be entitled to regular notice to quit, yet it would be manifestly unjust to subject the defendant to this action. The agreement of the parties, as to the line in 1822, can amount to nothing less than a *licence* on the part of the plaintiff to the defendant, to occupy to that line, and until that licence is revoked, no action will lie. Although it must be understood, the court, by the language *regular notice to quit*, intended the common notice of a landlord to a tenant, if the language had been precisely correct, viz. that the plaintiff could not prosecute till he had apprised the defendant of his claim beyond the line, the agreement notwithstanding, the same result would have followed, the defendant supposing he was occupying that, and that only, to which the plaintiff made no claim.----13 *East.* 210.—10 *Johns.* 335.

Judgment of the county court affirmed.

*R. C. Royce*, *J. Kellogg*, *William Page*, *S. Hodges*, and *M. Strong*, for the plaintiff.

*Gordon Newell*, and *J. Clark*, for the defendant.