Chamberlin *v.* Estate of Chamberlin.

---

---

➻➻❀❀➻➻

---

ABIEL CHAMBERLIN, Appellant, *v.* ESTATE OF JOHN V. CHAMBERLIN.

Where a certain number of acres, off the north side of a lot of land, was devised to one person, and the residue of the lot was devised to another person, and one of the devisees died before any division was in fact made between them, it was held that the probate court had power, on application of one of the devisees, to appoint a committee to set off and divide the land, according to the terms of the devise.

The committee, in such case, must divide the land according to the terms of the devise, without regard to any agreement of the devisees, as to the division line, which has not been acquiesced in for fifteen years.

And, if the committee follow strictly the terms of the devise, it cannot be objected to their doings, that the land set to one of the devisees is so situated, that he cannot go on to it without committing a trespass on the land of others.

Chamberlin *v.* Estate of Chamberlin.

Where the devise was of twenty acres of land on the north side of a certain lot, *except* the house standing thereon and land necessary for yards, &c., around it, it was held that the land excepted must be taken out of the *twenty* acres, and that the devisee had no claim to twenty acres, after setting off the excepted parts.

And where, by the will, one half of a certain barn was devised to one of the same persons, and the other half to the other, and one of the devisees purchased by parol, and without any writing executed, the interest of the other devisee in the barn, it was held that the committee, so appointed, need not make any mention of the barn in their report.

APPEAL from a decree of the probate court, accepting the report of a committee appointed to make division of the real estate of Charles Chamberlin, deceased, agreeably to the last will of said Charles. Trial by the court.

It appeared that Charles Chamberlin, by his will executed March 19, 1833, devised to the appellant, Abiel Chamberlin, " twenty acres of land on the north side of upper meadow lot No. 10, except the house and land in which I now live stands, together with the wood yard, and such land around the same as may be necessary to erect out buildings upon and suitable yards for the same ;" also, " twenty five acres of land on the north side of upper meadow house lot No. 41 ;" also one equal half of a certain barn. The residue of the said lots and the other half of the barn were devised to John V. Chamberlin. After the decease of John V. Chamberlin the appellant made application to the probate court for the appointment of a committee to make division of the said real estate, according to the said will.

It appeared, that, after the death of Charles Chamberlin, the appellant purchased of John V. Chamberlin his interest in the said barn ; but no written conveyance of it was ever executed. The committee, in their report, made no mention of the barn.

After the decease of Charles Chamberlin, the appellant and John V. Chamberlin agreed by parol upon the line dividing Abiel's twenty acres on lot No. 10 from the residue of said lot, and caused the line to be surveyed and marked by stakes, and subsequently constructed a road at their joint expense, extending about ninety rods on said line, and having the line in the centre of the road. Abiel and John V., during the life time of John V., and the representatives of John

V., after his death, acquiesced in said line, and occupied the lot in severalty according to it, to the time of the survey made by the committee. The committee, in making the division, surveyed a line, as the south line of the appellant's twenty acres, about six feet north of the line made by the devisees, as above stated, and parallel to said line, which left the whole road, made by the parties as above stated, on the part of said lot assigned to the estate of John V. Chamberlin,—and thereby assigned to Abiel about half an acre of land less than he had by occupying to the line agreed upon. But the line surveyed by the committee left, on the north side of the lot, the number of acres specified in the will.

The committee then assigned, from the twenty acres, ninety three rods of land as the exception provided in the devise.

It further appeared that lot No. 41, mentioned in the will, lay on the west side of the Connecticut river road, and the east line of it, according to the original plan of the town, was about nine rods west of said road ; but, for about thirty five years, during which time said road had been built, the strip of land, lying between said road and the true east line of lot No. 41, had been occupied by Charles Chamberlin in common with lot No. 41, as a pasture, said strip of land being but of trifling value. The committee, in making their division, set off to the appellant twenty five acres from the north side of said lot, according to the true lines of the lot, making the east line of the twenty five acres about nine rods west of the road, and thereby making it impossible for the appellant to go on to said twenty five acres without crossing land owned by other persons.

The appellant objected to the report of the committee, on the ground,—1. That they did not set off to him one half of the barn mentioned in the will;—2. That they run the line through the meadow lot No. 10 in a place different from that agreed upon by the parties ;—3. That they so fixed the east bound of the twenty five acres on lot No. 41, that the appellant could not go on to it without trespassing on others;—4. That they surveyed the yards around the house out of the twenty acres ; and 5. That the land surveyed by the committee was not *common* and *undivided* land, but was devised to said Abiel and John V. in severalty, and by metes and bounds, and that therefore the doings of the committee were not authorised by law.

Chamberlin *v.* Estate of Chamberlin.

The county court rendered judgment that the decree of the probate court, accepting the report of the committee, be affirmed ; to which the appellant excepted.

*A. Underwood* for appellant.

The appellant insists that it was competent for the devisees, they being alone interested, to *ascertain by parol* the line dividing the twenty acres from lot No. 10. It was not a conveyance of real estate, but a mere ascertaining the line of division between lands conveyed by the will in separate, though adjoining, parcels. They having done so, and having occupied and improved accordingly, that line is not to be broken up by privies in estate. The immediate parties to the division, having built a road, made improvements, and expended money on the faith of that division, could not have broken it up, except by mutual consent; it would be against conscience and equity. And if *they* were bound by it, surely the committee and the probate court were bound to regard it. *Gray* v. *Berry*, 9 N. H. Rep. 473. *Sawyer* v. *Fellows*, 6 Ib. 107. *Rip* v. *Norton*, 12 Wend. 127. *Corbin* v. *Jackson*, 14 Ib. 613. 3 N. Y. Dig. 660. *Ebart* v. *Wood*, 1 Binney 215. *Makepeace* v. *Bancroft*, 12 Mass. 469. 2 Stark. Ev. 599, and notes. *Bayd's Lessee* v. *Graves*, 4 Wheat. 513. *Ricker et al.* v. *Kelley*, 1 Greenl. 117. *Jackson* v. *Dysling*, 2 Caine 198. *Pomeroy et al.* v. *Taylor*, Brayt. 174. Hovenden on Fraud 249.

It is submitted, whether, from a fair construction of the will, the appellant is not entitled to twenty acres of lot No. 10, aside from the yards about the house,—set out by the committee at ninety three rods,—and whether said ninety three rods should not have been set off from lot No. 10, and then to the appellant full twenty acres,. exclusive of the yards.

The appellant insists that the committee have located the twenty five acres on lot No. 41 contrary to the *manifest intentions* of the testator. It is competent to introduce parol evidence as to the subject matter of the devise, in order to establish this point. 3 Stark. Ev. 1025–6. All the facts show that the testator and others have treated the highway as the eastern boundary of the lot; and it cannot be supposed that the testator intended to bequeath property to the appellant,. which it would be out of his power to enjoy.

But the appellant further insists that the committee had no jurisdiction of the subject, as respects lots No. 10 and 41, and that their doings are therefore void. The will conveys the lands to the devisees in *severalty*, and by metes and bounds. *Beecher* v. *Parmele*, 9 Vt. 352. *Rich* v. *Elliott*, 10 Vt. 211. It is only in the case of lands devised to two or more *in common*, that commissioners are to be appointed to make the division. Rev. St. ch. 53, § 4. The only power of the probate court, in such case, is to assign the lands to such persons as are entitled to them under the will,—Rev. St., ch. 53, § 2,—leaving the parties to settle the division lines by agreement, or by jury. *Strong et al.* v. *Strong et al.*, 8 Conn. 408.

*J. Berry* and *L. B. Peck* for appellees.

1. To the first objection there are two answers. 1. The contract of sale was by *parol* and therefore within the Statute of frauds. 2. With this contract the committee had nothing to do. They were bound by the terms of the will, and their decision was controlled by its provisions.

2. The second objection is equally untenable. The division was by parol, and is within our statute of frauds. The committee were not concluded by it. If it was not right, it was their duty to make it so. At all events the appellant is bound by their determination. The committee was appointed, and acted, upon his application, and it is not for him to say that they ought not to have acted on this subject.

3. The twenty five acres were set off to the appellant from the north side of house lot forty one, according to the provisions of the will. The committee, it seems, regarded the east line, as fixed by them, to be the line of lot forty one; and the case shows, that, according to the original allotment and survey, it was such. They then had no right to run to the road, and the appellant has no ground of complaint.

4. The testator devised twenty acres out of meadow lot number ten, less the necessary grounds for yards, &c., to the appellant. This is the fair and obvious construction of the will, and the one adopted by the committee and the Probate Court.

5. The appellant cannot now object that the lands were not common and undivided within the meaning of the statute, and that

he is not bound by the division;—for this division was made upon his own application, and he must abide by it. But the objection is not true in fact. A given quantity of land is devised to the appellant, but not by metes and bounds. It was undivided until it was surveyed out and set off by the committee.

The opinion of the court was delivered by

WILLIAMS, Ch. J. We can perceive no question of law, decided by the county court, which calls for a revision.

It appears that Charles Chamberlin, in the year 1833, made a will, in which he devised to Abiel Chamberlin, the appellant, twenty acres on the north side of No. 10 meadow lot, and twenty five acres on the north side of upper meadow house lot No. 41, and also the equal half of a barn; the residue of these lots was devised to John V. Chamberlin, now deceased. After the death of John V. Chamberlin, Abiel Chamberlin made application to the court of probate for a division of the real estate of the said Charles Chamberlin, agreeably to his will; the court of probate thereupon appointed a committee, whose doings were returned to and accepted by the probate court,—from which Abiel appealed. The decision of the county court affirmed the decree of the probate court, and to that decision Abiel excepted. On these exceptions the case is now before us.

Among his other exceptions, he contends that the lands were devised to him and John V. in severalty. This exception certainly comes rather unfavorably from him, as it was upon his application that the committee was appointed. We have no doubt, however, that the appointment of the committee was both necessary and proper, unless a division had been agreed on among themselves. A committee was necessary to separate and set off to the devisees the different portions assigned to them. The eleventh section of chapter 48, and the fourth and eighth sections of chapter 53, of the Revised Statutes, not only authorized, but required, the appointment of such committee, if the devisees did not agree.

In making this division, or severance, the committee could only follow the provisions of the will; and they have done this, precisely according to the directions therein contained. It was not necessary for them to make any mention of the barn.

68

It is again complained, that the committee did not follow the line agreed on by the parties. This they were not authorized, or required, to do. If the parties had made a division, so as to be conclusive between them, there was no necessity for the appointment of a committee, and the appellant was unfortunate in making the application procuring their appointment. The committee could take no other guide but the will, without any regard to the agreement of the parties. The views of the law, on this subject, are mistaken by the appellant. A division line between two proprietors, agreed upon, is not binding between them, unless it has been acquiesced in, and possession has been conformable thereto, for fifteen years; *White* v. *Everest*, 1 Vt. 181, and *Campbell* v. *Bateman*, 2 Aik. 177.

The same remarks will apply to the other objection, as to the twenty five acres. The committee have set that off according to the will, and if it is not in a convenient shape for the appellant, the misfortune is, that the will was not different, not that the committee have mistaken its provisions.

The committee placed the true construction on the will, when they excepted the house, and the land around the same, out of the twenty acres devised to the appellant, as the will is express to that effect.

The judgment of the county court, affirming the decree of the probate court, is affirmed.