BENJAMIN LOMBARD, appellant, v. SILAS W. CHEEVER et al. appellees.

*Appeal from Marshall.*

If a party submit to a voluntary nonsuit in the Circuit Court, he cannot complain of the judgment thereon, in the Supreme Court.

The payment of a less sum for a license than that required by law does not authorize it to be issued, and if issued contrary to law, it is a nullity.

A payment by one licensed to keep a ferry cannot enure to the benefit of another, to whom an unexpired term is assigned.

Although the Court will not indicate to a party the order of introducing his evidence, yet when testimony is offered of any fact which, in the order of its occurrence, must have been preceded by some other fact without proof of which the evidence offered is wholly insufficient for the purposes for which it was introduced, it should be received only on the assurance of the party offering it, that such other proof will also be made. If it should not be, the Court, on motion of the opposite party, will exclude such testimony, or instruct the jury, that it is insufficient to entitle the plaintiff to a verdict.

It is not the mere license to keep a ferry which invests the persons licensed with the right to seize boats, &c., run at or near such ferry. That right matures only upon his exercising his privilege conferred by the license, by establishing a ferry and putting it into operation for such purpose, doing every act required by law.

REPLEVIN, in the Marshall Circuit Court, brought by the appellant against the appellees, at the October term 1846, and heard before the Hon. John D. Caton. The plaintiff, on the exclusion of certain evidence, consented that a nonsuit should be entered with leave to move to set it aside, and for a new trial. It was accordingly entered, and afterwards a motion was made to set it aside, and for a new trial, but the motion was overruled, and the plaintiff excepted.

The evidence offered and excluded by the Court below is stated in the Opinion of the Court.

*O. Peters*, for the appellant.

*T. Ford*, and *L. B. Knowlton*, for the appellees.

The Opinion of the Court was delivered by

THOMAS, J. This case comes before us in such a shape as to close our eyes to the errors alleged to exist in the record

and proceedings of the Court below.   The plaintiff, in that Court, (the appellant in this,) chose to submit to a voluntary non-suit, and consequently cannot complain of the judgment thereon, here.   *Barnes* v. *Barber*, 1 Gilm. 404–5.

Nor does the fact, that the non-suit was taken, with leave to the plaintiff, to move to set it aside, vary the result.   That reservation secured to him only the privilege, which without it, he might not have exercised, of seeking in the Circuit Court, to avert the consequences, either of the erroneous decisions of that Court, as to the sufficiency of his evidence to make out his case, or his own hastiness or improvidence in acting with reference to such erroneous decision, in suffering a non-suit.   But the remedy for the evils growing out of any such error of the Court, or improvidence of the plaintiff, could be sought for only in the mode referred to, in the Court, out of whose judgment such evils grew.   The right to seek such remedy expired with the unsuccessful effort made to obtain it.   Failing to satisfy the Circuit Court of his right to have the non-suit set aside, all investigation on that subject is forever closed.   It is not the order of the Court overruling the motion to set aside the non-suit that is appealed from; that, like the overruling of a motion for a new trial, where a non-suit has been found by a jury, is but an interlocutory order; but, as in that case, it is the judgment rendered upon the verdict, so in this, it is the judgment upon the non-suit, that is brought by appeal into this Court. The fact, then, that the judgment complained of was the result of the plaintiff's own volition, and not *in invitum* as to him, still remains as an insuperable obstacle in the way of his demanding a revision by this Court, of any of the supposed erroneous decisions of the Circuit Court.

But if the rule on this subject were otherwise, and the judgment of the Circuit Court could now be considered as before us for review, it then might well be doubted, whether the decision of the Court overruling the motion to set aside the non-suit could properly be assigned for error.   We are of opinion that it could not, as it was addressed to the sound discretion of the Court, and the statute which allows the

opinion of the Court overruling certain motions addressed to its discretion to be assigned for error, does not embrace this. Rev. Stat. ch. 63, § 23.

But admit that question to be before us, and it must be found of very easy solution. The motion to set aside the non-suit was based solely upon the rejection by the Court of certain testimony offered by the plaintiff, and which, admitting its insufficiency of itself to entitle him to a verdict, he nevertheless insists, was legally admissible in evidence. This, we are of opinion, constituted no sufficient ground for allowing the motion. The only question properly arising on that motion was not as to the legal admissibility of the evidence offered, but as to the legal sufficiency of the testimony introduced of itself, or in connection with other testimony proposed to be introduced, to entitle plaintiff to recover. And a Court should, in no case, set aside a non-suit, and grant a new trial, where it appears from the whole case, that the plaintiff was not entitled to recover. *Campbell* v. *Bateman*, 2 Aik. 177; *Hoyt* v. *Gilman*, 8 Mass. 336; *Salem Bank* v. *Gloucester Bank*, 17 do. 1.

Such was the character of this case. The testimony heard upon the trial was wholly insufficient to make out the plaintiff's case, and from the record it does not appear, as will be presently shown that other testimony requisite to supply the defects in that introduced, was offered by plaintiff or had an existence.

This view of the subject would dispose of the case without any solution of the question sought to be presented by the assignment of errors, as to the legal admissibility of the evidence offered by the plaintiff on the trial, and at the instance of the defendants rejected by the Court; but as an expression of opinion on that point has been earnestly pressed, and as the result will in no wise be varied by such expression, we will proceed to consider and dispose of it.

For that purpose a reference to the pleadings and the testimony, as well that which was introduced without objection upon the trial, as that which was offered and rejected, is necessary.

The action was replevin for certain water craft on the Illinois river. The declaration, in one count, alleges property in plaintiff, and possession, and unlawful detention by defendants: the other, ownership of property in plaintiff, as having been forfeited to him by the laws of Illinois, and detention by defendants.

The pleas deny the detention of the property by defendants, and the ownership of it by the plaintiff, and claim it as defendants' property. Thus, it will be perceived, that the pleadings involve only the questions of the ownership and detention of the property in dispute.

The first evidence offered by the plaintiff, and on the defendants' objection rejected by the Court, was a license issued by the clerk of the County Commissioners' Court of Marshall county to the plaintiff, dated 27th October, 1845, and authorizing him (he having paid one dollar into the treasury of said county,) to keep a ferry across the Illinois river at the town of Henry, until the first Monday in September, 1846. This testimony was wholly unaccompanied by any evidence showing its pertinency to the matters in issue, and as to the purposes for which it was offered, the record is wholly silent. It was, therefore, properly rejected for its irrelevancy.

But the propriety of its rejection need not be placed on that ground only. The law authorizing and regulating the establishment of ferries, empowers the County Commissioners' Court of the proper county to issue license for such purpose, under the regulations, restrictions and forfeitures in said law directed and pointed out; and amongst other regulations and restrictions thus prescribed, the proprietor of any ferry about to be established, is required to pay into the county treasury, before the license therefor shall be issued, the amount of the first year's tax which may be assessed on such ferry; and such tax is fixed by the same law at not less than $2, and shall give bond, &c. Gale's Stat. 304–5, §§ 1, 2, and 14. The tax in this case paid by the plaintiff, upon the requisition of the County Commissioners' Court, being less than the *minimum* fixed by law,

and it not appearing that he had given any bond, it follows that the license to him was unauthorized by law, and was, therefore, a nullity. The fact that one Sampson Rowe, as shown by the record, had owned a license to keep a ferry at the same place before the plaintiff, and had paid three dollars as a tax thereon, and before the expiration of one year from the emanation of his license, had relinquished it on condition that it should be renewed to plaintiff, does not vary the result. The payment by Rowe of the tax on his license cannot enure to the benefit of the plaintiff, as a payment on his. Such is the doctrine of this Court as expounded at this term in the case of *Munsell* v. *Temple*, (*ante*, 93.)

The testimony next offered by the plaintiff, and rejected by the Court, consisted of a license issued by the Clerk of the County Commissioners' Court of Putnam county to one Marcus D. Stacy, to keep a ferry across the Illinois river, at a certain point therein named, dated March 6th, 1845, and in connection therewith, the said Stacy's deed properly authenticated, transferring all his interest in said ferry to the said plaintiff.

The object of the plaintiff in offering this evidence, as explained by the bill of exceptions, was a legitimate one. He claimed to be the proprietor of a ferry, and that the boats replevied by him, having been run by the defendants in derogation of his rights as such, were forfeited to him. It, consequently, became material for him to prove his title to the franchise claimed. In default of doing so, he had no right to inquire into the defendants' acts. Such proof was not made by the mere production of his license. It should have been preceded, or at least accompanied, by proof of the order of the County Commissioners' Court granting it. In support of such order, when exhibited, it would be presumed that all the preliminary steps required by law had been taken, but no such presumption exists in favor of the license simply. Then, although a license is a necessary link in the chain of title to a ferry franchise, and that offered by the plaintiff being regular on it face, was for such purpose legally admissible, it does not follow that it was erroneously rejected.

Lombard *v.* Cheever *et al.*

The true rule on this subject is, that although the Court will not indicate to parties the order of the introduction of their testimony, yet when evidence is offered of any fact, which in the order of its occurrence must have been preceded by some other fact, without proof of which the evidence offered is wholly insufficient for the purpose for which it is introduced; it should be received only on the assurance of the party offering it, that such other proof will also be made. If it should not be, the Court, on motion of the opposing party, will exclude such testimony, or instruct the jury that it is insufficient to entitle plaintiff to a verdict.

Tested by this rule, the testimony offered in this case, was properly rejected, as the proof necessary to make it available for the purposes of its introduction was not made, and for any thing apparent on the record, may not have existed.

The license offered failing to show title to a ferry in Stacy, his deed to the plaintiff was necessarily properly rejected.

But again, the rejection of this testimony, even if it had been sufficient to authorize the plaintiff to keep a ferry, would not operate to reverse the judgment. It is not the mere license to keep a ferry which invests the person licensed with the right to seize boats, &c., run at or near such ferry. That right matures only upon his exercising his privilege conferred by the license, by establishing a ferry and putting it into operation for such purpose, doing every act required by law.

Then in every view of the subject, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*