SARAH CHAMBERLIN *v.* MICHAEL DONAHUE.

*Ejectment.*

To maintain ejectment, it must appear that there has been a disseizin of the plaintiff, as well as a wrongful possession by the defendant.

If the defendant is in possession with the plaintiff's permission and acquiescence, without claim of ownership, or refusal to yield the possession, a demand of possession, or a request to quit in a reasonable time, is necessary in order to render the defendant's occupancy wrongful and as constituting an ouster of the plaintiff.

EJECTMENT to recover possession of certain premises in Peacham. The plaintiff alleged in her declaration, that on the 15th day of May, 1864, she was well seized of the premises described, in her own right in fee, and so continued thereof possessed until the 17th day of May, 1864, when the defendant, without law or right, and contrary to the will of the plaintiff, entered, and expelled the plaintiff, and that he ever since had kept out, and still did keep out, the plaintiff, etc. Plea, the general issue. Trial by the court, December term, 1867, STEELE, J., presiding.

The plaintiff was the widow of Guy Chamberlin deceased, intestate, who was in possession of the premises at his decease. No probate proceedings were had on the estate. Said premises constituted the homestead of the plaintiff's husband.

The plaintiff remained on the place some months after the decease of her husband, her daughter living with her. The plaintiff then went to Bradford, on a visit to her other daughter, who lived there, leaving her household furniture, and the daughter who had lived with her, who was over twenty-one years of age and unmarried, in the care of her house. After staying in Bradford about two years, the plaintiff returned to said homestead, and found that the daughter she had left had married the defendant, and they (the daughter and her husband) were living on said premises; and they have resided there ever since. The plaintiff went and lived with them for some time, and then, without having any difficulty, went away.

The plaintiff never made any lease of said premises to the defendant, and never gave to him, nor any one for him, permis-

sion in terms to take and keep possession thereof, nor had any talk about it in any way, nor objected to his occupying the place.

There was evidence showing that the plaintiff's brother, at the request of the plaintiff, made an effort to make some arrangement with the defendant, by which he should pay the plaintiff for the use of said premises or leave them. This brother made no demand of the premises, and did not notify the defendant to leave. As soon as the conversation opened, the defendant declined any conversation, and told him he had better send a lawyer. No demand was made of the premises, unless this constituted one.

The defendant never claimed to own the premises, nor refused to give them up, nor had any dispute or trouble with the plaintiff, but expected and was willing the plaintiff should live with him.

Upon these facts, the court rendered judgment for the defendant, to which the plaintiff excepted.

*Mordecai Hale*, for the plaintiff.

*Bliss N. Davis*, for the defendant.

The opinion of the court was delivered by

PROUT, J.  To maintain this action, it must appear that there has been a disseizin of the plaintiff, as well as a wrongful possession of the premises described in the declaration, by the defendant. This is as essential as proof of the plaintiff's *right* of possession. In this case the possession of the defendant seems to have been by the plaintiff's permission and with her acquiescence. She went and lived with the defendant and her daughter on the place, making no objection to his occupying it. Under such circumstances, and in view of the fact that the defendant made no claim that he owned the premises, nor refused to yield the possession, we think, to render his occupancy *wrongful* and as constituting an ouster of the plaintiff, a demand of possession, or a request to quit in a reasonable time, was necessary. The case finding that no demand was made, and no notice given the defendant to leave the premises (*Campbell* v. *Bateman*, 2 Aik., 177), we think the judgment of the county court was correct, and it is affirmed.