## HENRY H. DWIGHT *v.* ELIZA J. EASTMAN ET AL.

*Devise creating a contingent fee in issue of devisee. Such fee not defeated by conveyance of devisee. Statute of limitations.*

1. The testator conveyed certain premises to his son and daughter, and their heirs, to be equally divided between them; providing further that the share of each should descend to the issue of that one in case he or she left issue, if not to the issue of the other. *Held*, that this devise created a fee absolute, if neither the son nor daughter had living issue at their decease; but that if children were born to either, such children took a contingent fee in the estate subject to be defeated if their decease preceded that of the parent.

2. The son, acting as executor of the will, sold the premises, repurchased them, and then mortgaged. *Held*, that such mortgage was not good as against the children of either himself or the daughter, born after the conveyance by him as executor, although such conveyance was under license of the Probate Court, and although he procured a guardian to be appointed of the property of their children, who consented to the granting of the license.

3. Previously to the making of the mortgage, the guardian had taken another mortgage of the premises to secure a note given to indemnify him against loss by reason of being appointed guardian of property to the amount specified in the note. *Held*, that the children of the son and daughter, born after the execution of this mortgage, might have the benefit of it; but that if they elected to claim under it, they could not also take under the will.

4. The note was payable to the guardian, or bearer, on or before the decease of the son and daughter. Both had deceased before the commencement of this suit, but it did not appear how long before. *Held*, that upon this showing, the mortgage was not barred by lapse of time, for it was incumbent upon the plaintiff, who claimed under the second mortgage, to show affirmatively that the statute had run against the first.

Ejectment for certain lands in the towns of Strafford and Thetford in the county of Orange. Heard upon referee's report at the December Term, 1889, ROWELL, J., presiding. Judgment for the plaintiff for the possession of the demanded premises, one cent damages and costs. Exceptions by the defendants.

It was conceded that the defendants were in possession of the premises and had ousted the plaintiff therefrom. It was further conceded that the defendants had no title to fifty-seven acres of said premises, and that in respect of that parcel the plaintiff was entitled to judgment. The remainder of the premises were owned by John Eastman at his decease in 1856. John Eastman left a will by which he devised these premises upon certain conditions to his son, John J. Eastman, and his daughter, Rosette C. Hill. The terms of this devise fully appear in the opinion. The will was probated, and John J. Eastman, who was nominated executor, qualified as such, and proceeded to execute the trust. Thereupon he procured a license from the Probate Court to sell these premises. One Kibbling was appointed guardian of the property of the children of John J. Eastman and Rosette C. Hill, and appeared before the Probate Court and assented to the granting of the license to sell. Pursuant to this license John J. Eastman sold the premises to different persons who at once reconveyed to him. Rosette C. Hill also quit-claimed her interest in the estate, but to whom did not clearly appear in the report. This was in 1857. John J. at once went into possession of the premises and continued to occupy them as his own until 1882. Meantime he had mortgaged them, the mortgages had been duly foreclosed, and in 1882 possession was taken under the decree. It was by virtue of these mortgages that the plaintiff claimed title.

Previously to the giving of the mortgages under which the plaintiff claimed, John J. Eastman and Rosette C. Hill had given a mortgage of the same premises to the aforesaid Kibbling to secure the payment of a note payable on or before the death of the said John J. Eastman and Rosette C. Hill, given as indemnity to him for all loss by reason of having been

appointed guardian of property to the amount specified in the note, which was bequeathed to the children of John J. Eastman and Rosette C. Hill by John Eastman.

John J. Eastman and Rosette C. Hill had both deceased before the bringing of this suit. It would appear that neither of them had children when Kibbling was appointed · guardian, but both left children at the time of their decease. The defendants were the children of John J., born in 1871 and 1872, and they had taken and held possession of the demanded premises both for themselves and the children of Rosette C. Hill.

*Wing & Fay* and *D. C. Hyde*, for the defendants.

*J. K. Darling*, for the plaintiff.

The decree of the Probate Court, granting the license to sell, was conclusive. *Judge of Probate* v. *Fillmore*, 1 D. Chip. 420, 423 ; *Lawrence* v. *Englesby*, 24 Vt. 42 ; *Sparhawk* v. *Buell*, 9 Vt. 41 ; *Rix* v. *Smith*, 8 Vt. 365 ; *Robinson* v. *Swift*, 3 Vt. 283.

The mortgages under which the plaintiff claims were executed before these defendants were born. The plaintiff stands as a *bona fide* purchaser without notice. *Bumpus* v. *Planter*, 1 John. Ch. 213 ; *Griffith* v. *Griffith*, 9 Paige, 315 ; *Paddon* v. *Taylor*, 44 N. Y. 371 ; *Downer* v. *Royalton Bank*, 39 Vt. 28.

The opinion of the court was delivered by

Ross, J. This action is ejectment. To maintain it, there must be both a right of possession in the plaintiff, and a wrongful possession by the defendants amounting to a disseisin of the plaintiff. *Campbell* v. *Bateman*, 2 Aik. 177 ; *Chamberlin* v. *Donahue*, 41 Vt. 306. The defendants are in possession, The question is whether the plaintiff has the legal right to the possession of the premises, against the defendants, except the 57 acres conveyed by Jonathan Eastman to John J. Eastman, to which the defendants admit they have no title. To the remainder of the premises the plaintiff claims title and right of possession through the foreclosure of mortgages given

by John J. Eastman. The defendants claim right of possession to this remainder under the will of their grandfather, John Eastman, and under a mortgage given by John J. Eastman to their guardian, Samuel S. Kibbling, for their benefit, prior to giving the mortgages under which the plaintiff claims title and right of possession. Both parties take whatever rights they have to the possession of the premises in dispute from John Eastman; the plaintiff, under John Eastman's will, the license of the Probate Court, and conveyances coming to John J. Eastman, and the foreclosure of mortgages given by the latter; and the defendants, under the will of John Eastman directly, and if not under that, then through the license, conveyances, and a prior mortgage from John J. Eastman to their guardian for their benefit. If the defendants have title to the premises under the will of John Eastman, or right of possession under the mortgage from John J. Eastman to their guardian, their right of possession antedates, and is therefore paramount to, the right of the plaintiff, subject to a life estate in a part of the premises in dispute, which has terminated. John Eastman devised the premises by a clause in his will, as follows:

" I will and devise all the rest, remainder and residue of my property * * * to my son, John J. Eastman, and my daughter, Rosette C. Hill, and their heirs, to be equally divided between them * * share and share alike, subject to the following conditions and limitations so far as the said Rosette is or may be concerned, to wit: It is my will that her husband, Henry H. Hill, shall in no way or manner have the control, use or income of any part of the property I have willed to her, the said Rosette, and I do furthermore will and direct, nominate and appoint Justin S. Morrill, of said Strafford, trustee to hold, manage and control the real and personal estate that may come to or fall to the said Rosette C. Hill by virtue of this my last will and testament, so long as the said Rosette remains the wife of the said Henry H. Hill, but the trusteeship is to terminate, should death or law sever the connection between them, and after the decease of the said Rosette, I will and devise the said share of Rosette to her children in fee, if any remain her; but

should none of her children remain her, then I will and devise the same to the children of John J. Eastman, forever ;. but should none of the children of John J. Eastman remain him,. and the said Rosette have a child, or children, living at her decease, then I will and devise that part of my estate devised to John J. Eastman to the heirs of the said Rosette C. After the decease of my said wife, Martha Eastman, I will, devise and direct that the estate hereby devised to her shall descend and go to my two said children, John J. Eastman and Rosette C. Hill, subject to the same limitations and conditions mentioned in the above devise to them." The language first used in making this devise,. if left unqualified, is broad enough, being to " John J. Eastman and my daughter Rosette C. Hill and their heirs," to confer a fee. But this estate is made subject to " conditions and limita- tations so far as the said Rosette may be concerned." Then fol- low conditions and limitations, not only as to her, but as to the estate conferred upon the son. Then in the closing sentence, relating to that part of the estate given for life to his widow, the testator speaks of having given the estate, subject to con- ditions and limitations, to both his son and daughter. Such, we think, was his intention. It does not appear that at the time the will was made, either the son or daughter had a child or children who could take the reversion in the estate. They might never have any children who would survive them. In that case the testator intended that they should take a fee, and the estate should descend to their heirs. But in case one or both had children who survived them, the testator uses language which clearly and explicitly gives the reversion in the estate devised to the son and daughter, to such children, and this is a condition or limitation upon the estate conferred upon the son and daughter, and reduces the estate conferred upon the son and daughter, in case children should be born to either,. and survive them, to a life estate. The children took a con- tingent fee in the reversion as soon as born, subject to be defeated if their decease should precede the decease of their par- ent. Thus the apparent estate in fee, created by the language first used, is converted into an estate for life, or a contingent executory devise is limited upon it, as in *McClosky* v. *Gleason*,.

Dwight *v.* Eastman et al.

56 Vt. 264, and *Richardson* v. *Paige*, 54 Vt. 373. Children were born to and survived both the son and daughter. The son, John J. Eastman, was the executor. He procured a guardian to be appointed over the property of the children of himself and Rosette C. Hill. Then, on the appearance of the guardian before the Probate Court, and his assent thereto, the Probate Court granted the executor license to sell all the real estate of the testator. As shown by the deeds, the executor conveyed the estate under the license to various parties, and on the same day took conveyances of most of it back to himself. It is not found that the executor was the real purchaser of the estate, at his own sale, but it is very apparent that he was. It has not been contended that the sales were void for this reason, and we have no occasion to say anything in that regard. This was all done in 1856. The defendants are children of John J. Eastman, and were born in 1871 and 1872. R. L. 2166 confers a power upon the Probate Court to grant license to sell lands, for certain purposes, and on certain conditions, but requires the assent of the devisee, in case the lands are devised. The only assent here was that given by the guardian.

It is not apparent how a guardian could be chosen, or act for the defendants who were not *in esse*, or how if they took the reversion in the land under the will of their grandfather, the Probate Court had power to grant a license without their assent to sell, which would defeat their right in the estate. It is evident there was doubt in the minds of the guardian and of the parties concerned whether the sale under the license was valid to defeat the right of the children, and also whether the guardian had the right to assent to such license and sale. The guardian in November, 1857, took a note from John J. Eastman and Rosette C. Hill for the amount of the appraised value of the real estate of the testator, secured by a mortgage of all the real estate of the testator. This note was payable on or before the decease of the son and daughter, and is expressed to have been "given for the security and to indemnify the said Kibbling against all loss by reason of his being appointed

Dwight *v.* Eastman et al.

guardian of property to the amount specified in said note, which was bequeathed to the children of the said John J. and Rosette C. by John Eastman, late deceased, in his last will and testament." If the license was unauthorized and the sale open to impeachment, they doubtless would be validated if the defendants and the children of Rosette accepted and availed themselves of this mortgage and the note secured thereby. The law would not allow them to take both the note and the land under the will. Without such acceptance their rights conferred by the will would not be defeated. The facts found by the referee in regard to this note and mortgage are meager. The counsel for the plaintiff contends that there is a presumption that the mortgage debt has been paid, and the mortgage legally discharged, although not upon the record. The note was payable on or before the death of John J. *and* Rosette C. No presumption of its payment would arise until the decease of both. Payment could not be enforced until such time, nor could the statute of limitations begin to run. The referee has not stated the exact date when either of these persons died. But from the facts reported, it is not shown that both deceased fifteen years before this suit was brought. Payment or the statute bar being relied upon by the plaintiff to defeat this mortgage, the burden was upon him to establish one of these. Hence, in whatever light the facts reported are considered, the defendants, who are in possession for themselves and the children of Rosette C., have the better right to the possession of the premises, except the parcel to which they make no claim.

*The judgment of the County Court is reversed, and judgment rendered for the plaintiff to recover possession of the fifty-seven acres only. If any question of apportionment of costs is made, that question is remanded to the County Court.*