GARDNER GREEN v. WILLIAM R. DONALDSON.

If the testimony objected to had any tendency to support the issue, in any
    reasonably supposable state of the testimony as detailed in the exceptions,
    this court cannot decide that it was improperly received.

When the issue is as to the quality of wood, and the plaintiff's testimony
    tends to show that it was mostly unsound, rotten, and crooked, it is com-
    petent for the defendant to show that the standing timber, from which the
    wood was cut, was a good, fair lot of timber. '

TRESPASS ON THE CASE.    Plea, the general issue, and trial by
jury.

The declaration alleged that the defendant was possessed of a
quantity of cord wood, which he proposed to sell to the plaintiff at
one dollar per cord.    That one hundred and sixty cords of the
wood were piled in six tiers, or piles, in such manner that it was
impossible for the plaintiff to inspect the four interior tiers;—that
the two exterior tiers, and the ends and tops of the other tiers were
of wood of good quality, sound, straight, and well split ;—that the
defendant represented to the plaintiff, that the four interior tiers
were of wood of as good quality as the two outside tiers; and that
the plaintiff, relying on the defendant's representations, purchased
said wood, and paid the defendant therefor.    And the plaintiff
averred that the four interior tiers were in every respect inferior
to the two outside tiers, and were in fact composed of wood badly
split and badly piled, rotten, unsound, and crooked, and of but
very little value.

On the trial the plaintiff introduced testimony tending to prove
the various allegations, as mentioned in his declaration.    The de-
fendant, among other testimony tending to prove that the whole of
said six tiers was composed of good wood, offered to prove that the
standing timber, from which said wood was cut, was "a good fair
lot of timber."    To this the plaintiff objected, as not tending to
prove that the four interior tiers of wood were of as good quality as
the two exterior tiers.    The court admitted the testimony, to which
the plaintiff excepted.    Verdict for defendant.

*George W. Foster* for plaintiff.
The question is as to the *comparative quality* of the interior and

exterior portions of the block, and not as to the general average quality of the whole mass. The whole, in the situation in which it was when taken from the forest, might have been, when taken together, good wood, and yet the best have been selected to form the sample tiers. The evidence objected to was inadmissible, as being too frail, too remote and uncertain in its character, to afford any reasonable inference in reference to this point. 2 Stark. Ev. 381. So, it was inadmissible as not being the best in the power of the party to produce. Those who had seen the wood itself, or who had assisted in cutting, splitting, drawing, or piling it, would have been much better judges of its quality, than any one could be who had seen only the forest from which it was taken. 1 Stark. Ev. 102, 387.

*N. L. Whittemore* for defendant.

If the evidence introduced by the defendant had a tendency to disprove any allegation in either count of the declaration, or to rebut any testimony offered by the plaintiff, it was properly admitted. *Richardson* v. *R. & W. Turnp. Co.*, 6 Vt. 497. It had a direct tendency to disprove the allegation that the wood was "rotten, unsound, and crooked," and these were the principal facts upon which the plaintiff would be entitled to recover.

The bill of exceptions is so loosely drawn that this court cannot determine whether the court below erred, or not. Enough should be detailed to show that they erred in point of *law ;* and, if the question be as to the pertinency of evidence, all the evidence bearing upon the point must be set forth, or the court cannot judge as to its connection and relative importance. *Adams* v. *Ellis,* 1 Aik. 24. *Stearns* v. *Warner,* 2 Aik. 26. *Mattocks* v. *Bellamy,* 8 Vt. 463. In this case it does appear that other testimony was introduced, but its *general tendency,* only, and not its precise character, is detailed.

The opinion of the court was delivered by

REDFIELD, J. This case must be decided from what appears upon the bill of exceptions. If the testimony objected to has *any legal* tendency to prove the issue, in any reasonably supposable state of the testimony, as detailed in the bill of exceptions, it will be im-

possible for us to say that it was improperly received. When it is stated, as in the present case, that the plaintiff gave evidence tending to prove the "various allegations as mentioned in his declaration," we must conclude that by this is intended *all* the allegations in the declaration, and to the *full* extent. If we understand less than this, we shall hardly know where to stop.

The plaintiff, then, having given evidence to show that the wood was *mostly* unsound and *rotten, crooked,* &c., the defendant offered testimony to show that the timber standing on the land from which this was cut, "was a good, fair lot of timber." How, then, is it possible to say that such timber, when cut, should have made wood *mostly unsound and rotten,* and *crooked,* unless by some artificial process? Judgment affirmed,