## ARAD SMITH *v.* PHILANDER BULLOCK AND JOEL BULLOCK.

An award of arbitrators, in reference to the division line between adjoining lands owned by different proprietors, made on a submission by *parol*, has the same effect as a parol agreement between the parties, in reference to the same line, would have ; and such award is not conclusive upon the parties, unless acquiesced in for fifteen years.

EJECTMENT for lands in Barre. Plea, the general issue, and trial by the jury.

The plaintiff introduced testimony tending to prove that, in the year 1839, a controversy arose between the parties in reference to the same land now in dispute,—the plaintiff claiming that the defendants had included a strip of his land in their inclosure,—and that the plaintiff then commenced an action of ejectment against the defendants therefor, which action was entered in court, and continued ; that the parties then, by *parol*, submitted the controversy to arbitrators ; that the arbitrators decided that the strip of land, claimed by the plaintiff, and of which the defendants were in possession, belonged to the plaintiff, and that the defendants should pay the costs of the suit then in court, and that the parties should pay equally the costs of the arbitration ; that the costs have been paid according to the award, but that the defendants have never moved their fence, but have continued to occupy the land as before,—to recover the possession of which this suit is brought.

The county court, *pro forma*, decided that the award of the arbitrators, under the circumstances detailed, was conclusive upon the parties, and directed a verdict for the plaintiff; to which decision the defendants excepted.

*Tilden* and *L. B. Peck* for defendants.

1. The decision of the county court was erroneous. The submission and award being in *parol*, and relating to the *title* of the land in controversy, were *void* by our statute of frauds. Had the award been acquiesced in and performed, there would be some ground for holding the defendants to be estopped, as in that case a court of chancery, perhaps, would decree the execution of conveyances to carry into effect the decision of the arbitrators. But, as

Smith *v.* Bullock et al.

the matter now stands, all rests in *parol,* and, the defendants having refused to abide by or perform the award, they are not concluded by it. *Whitney* v. *Holmes,* 15 Mass. 152. *Mitchell* v. *Bush,* 7 Cow. 185. *Philbrick* v. *Preble,* 18 Maine Rep. 255. *Hamlin* v. *Hamlin,* 19 Maine Rep. 141. *Davy's Ex'r* v. *Faw,* 7 Cranch 171. *Hopson* v. *Doolittle,* 13 Conn. 236.

2.    The decision of the arbitrators, under the circumstances of this case, can have no other or greater effect than a parol agreement of the parties in relation to the same subject would have.    Such an agreement would not conclude either.    *Campbell* v. *Bateman,* 2 Aik. 177.    *White* v. *Everest,* 1 Vt. 181.

*N. Kinsman* for plaintiff.

The authorities support the position, that an award made by arbitrators, under a submission relating to the title, possession, location, or boundaries, of land, is binding upon the parties to the submission, and they are, by such an award, concluded from disputing the location, or boundaries, or title, as settled by the arbitrators; and that such an award of land to one party, estops the other from setting up any title to the land thus awarded, and the party to whom the land is awarded may maintain ejectment, or justify in trespass brought by the other party.    *Gray* v. *Berry,* 9 N. H. Rep. 473.    *Nellis* v. *Dysling,* 2 Caine 198.    *Dibble* v. *Roger,* 12 Wend. 536.    *Jackson* v. *Freer,* 17 Johns. 29.    *Jackson* v. *Widger,* 7 Cow. 723.    *Rockwell* v. *Adams,* 7 Cow. 761.    6 Wend. 467.    10 Wend. 104.    12 Wend. 127.    6 N. H. Rep. 107.    *Ebart* v. *Wood,* 1 Binney 215.    *Jackson* v. *Gager,* 5 Cow. 383, 387.    *Robertson* v. *McNiel,* 12 Wend. 575.    *Morris* v. *Rosser,* 3 East. 15.    *Shelton* v. *Alcox,* 11 Conn. 240.    Rob. on Frauds 139.    1 Com. on Cont. 81. *Davenport* v. *Mason,* 15 Mass. 85.    *Philbrook* v. *Belknap,* 6 Vt. 383. 7 Conn.  343.    *Sellick et al.* v. *Andrews,* 15  Johns, 197.    *Cox* v. *Jagger,* 2 Cow. 638.    2 Stark. Ev. 599.    7 Cow. 185.

The opinion of the court was delivered by

REDFIELD, J.   It was long since decided in this State, that a mere *parol* agreement, (not in writing,) in regard to the division line of adjoining proprietors, unless followed by an acquiescence of fifteen years, was not conclusive between the parties.    *Campbell* v.

75

*Bateman,* 2 Aik. 177. *White* v. *Everest,* 1 Vt. 181. In the latter case it seems to have been considered by the court that such an agreement, acquiesced in for a less term than fifteen years, was evidence to go to the jury, as tending to show the true boundary. This rule is contrary to that which obtains in many of the other States. *Gray* v. *Berry,* 9 N. H. Rep. 473; so, also, *Sawyer* v. *Fellows,* 6 N. H. Rep. 107. *Rockwell* v. *Adams,* 7 Cow. 761.

But the doctrine of the inconclusiveness of such argeements, unless acquiesced in for fifteen years, was expressly recognized on the present circuit, in the last County. In Windham County, too, it was held, [*Akely* v. *Akely, ante,* page 450] that an award on submission under seal, in regard to the title of real estate, was conclusive, and that the court of chancery would decree a conveyance according to the award. That case was decided mainly upon the ground that a contract by submission and award was to be put on the same ground as any other contract in the same form,—the arbitrators being but the agents of the parties for carrying into effect the intention of the parties.

With that view applied to this case, and the former decisions in this State, it is impossible to consider an award on an oral submission as conclusive, if, indeed, it is of any validity. It is impossible to consider such a contract as not within the statute of frauds. The decisions are to that effect in Massachusetts, Maine and Connecticut; and no ease is found in the English Reports recognizing an award by parol as conclusive upon the title to real estate.

Judgment reversed, and cause remanded for a new trial.