### THOMAS F. CLARK *v.* MOSES DUSTIN.*

*Trespass* qua. clau. *License. Disseisin.*

Where owners of lands separated by a fence known not to be wholly on the true line, occupy to such fence on an understanding that the true line shall be ascertained and the fence placed thereon, neither is liable to the other in trespass for such occupation.

Where one is disseised, he can recover in trespass *qua. clau.* for the act of disseisin only, and not for subsequent acts of continued possession. Thus, where one of two owners of adjoining lands enters and cuts grass on the land of the other so as to oust him, and continues to enter and cut grass there for a number of years, the owner of the land entered can in such action recover for the first entry only.

TRESPASS *qua. clau.* in four counts for entering and cutting grass, in the years 1871–4, each count being for the entering and cutting in one of the four years. Pleas, general issue, and license. Trial by jury, May Term, 1878, BARRETT, J., presiding.

It appeared that the plaintiff and defendant were owners of adjoining lands, which were roughly separated in 1859 or 1860 by a line of stakes, which was in 1864 or 1865 replaced by a fence, which was on the same line, but not the true line ; and that the plaintiff and defendant and their respective grantors had occupied the whole, or a greater part, of the time since the stakes were so set, up to the line thereby indicated. The testimony of the plaintiff tended to show that after the fence was erected, and up to the time of the committing of the trespass first alleged, the parties and their grantors occupied to the fence on an understanding

*Heard at the February Term, 1879.

that a survey should be made and the true line ascertained. It appeared that in 1875 the plaintiff caused a survey to be made, from which it appeared that the fence cut off about four and a half acres of his land and enclosed it with the defendant's; that the defendant afterwards made a survey with a like result; that the plaintiff thereupon took possession of the land so cut off, and afterwards continued to occupy it. There was no evidence of any subsequent act of trespass. The evidence on the part of the defendant tended to show that when he bought he supposed the fence to be on the true line, and that he and they under whom he claimed had occupied thereto more than fifteen years under a claim of right.

The court directed a verdict for the defendant, but submitted to the jury the question of whether or not the defendant had acquired title to the land in question ; and the jury found that he had not. To the directing of a verdict the plaintiff excepted.

*J. J. Wilson*, for the plaintiff.

As there was evidence tending to show an understanding as to the fence, and to show that the defendant entered under a claim of right, the plaintiff was entitled to go to the jury on that question. Every fact that the testimony tended to prove, the plaintiff was entitled to treat as proved. *Knapp* v. *Winchester*, 11 Vt. 351.

*Hunton & Stickney* and *D. C. Denison & Son*, for the defendant.

License was proved. *Russell's Admr.* v. *Maloney*, 39 Vt. 579 ; *Barnes* v. *Barnes*, 6 Vt. 388.

There was no disseisin. *Chamberlin* v. *Donahue*, 41 Vt. 306 ; *Cooley* v. *Penfield*, 1 Vt. 244.

If there was an ouster, it was long before the time of the first alleged trespass, when the plaintiff had no possession either actual or constructive, and for that this action would not lie. *Stevens* v. *Hollister*, 18 Vt. 294 ; *Ripley* v. *Yale*, 16 Vt. 257.

The opinion of the court was delivered by

REDFIELD, J. This action is trespass *quare clausum*. The respective grantors of the parties, some fifteen years previous to the

72

commencement of this suit, had a division fence dividing their respective possessions, to which each occupied, with the mutual understanding, as the jury have found, that it was not wholly on the true line, but that a survey should be had, the true line ascertained, and the fence placed on such line. This action is brought to recover damages for cutting grass on land which, as it appeared by the survey, belonged to the plaintiff. The grass was cut while the arrangement subsisted, and before the true line was ascertained. It has been many times adjudged in this State that acts of possession under such arrangement, are not tortious, and cannot be made the ground of an action of trespass.

If the plaintiff's grantor had been tortiously ousted, so that trespass would lie for the disseisin, recovery could be had only for the first act, and not for the subsequent acts of continued possession by the disseissor. *Cutting* v. *Cox*, 19 Vt. 517; *Stevens* v. *Hollister*, 18 Vt. 294.

*Judgment affirmed.*