## JOHN SHORES v. ALBERT F. BELL.

*Trespass.    Parol Agreement as to Divisional Line.    License.*
*Statute of Limitations.*

1. When the boundary line between adjoining land owners is unknown, a parol agreement to recognize a certain line until the true one can be ascertained, is virtually a license to either owner to occupy to the temporary line, and to rebuild the fence, until such time as the true line is known, although the other owner, after acquiescing in the occupancy several years, protests against rebuilding the fence.

2. And such license is not affected by a parol agreement between the parties to accept a line run by a certain surveyor, which had not been acquiesced in for fifteen years.

TRESPASS.   Heard on a referee's report, September Term, 1884, Essex County, ROSS, J., presiding.

Judgment for the defendant.

The referee found as to the rebuilding of the fence: " The defendant built over the fence above the Lunenburgh road some four or five years ago, and the fence below the road about three years ago.   When he was building over the first piece, the plaintiff told him he did not want him to build any more fence on his land, and stepped along to take up a post he had put down.   Whether this post was off the line, and if so, which way, does not appear.

" The defendant forbade his taking up the post and went on and built the fence.   The fence thus built was in some places a rod or so over on the plaintiff's lot, as I find the line.   It is also in places over on defendant's land.   It did not appear on which of these lands the most of said fence was, nor that it was built in any other place than where the old fence had stood, as nearly as then could be ascertained. It was both sides of the true line, both above and below the Lunenburgh road.   Both parties have occupied to the fence thus built.   The original fence was built by the plaintiff under an agreement that it should be placed on the true line when completed, or ascertained."

It also appeared that the plaintiff claimed, that, if the original true line was as found by the referee, the Bell line was the true one. His claim was based on the following facts: "Something like a dozen or more years ago the plaintiff sold the easterly or southeasterly half of his lot to one Thompson. They got one Houston to make a division of the lot. He commenced at the corner claimed by the defendant on Granby line. Afterwards for some reason they concluded to have Samuel Bell make a division of the lot. When he was on the ground the defendant, who then had bargained with Thompson, the then owner, for his present lot, suggested that Bell should run the line between these lots. Both agreed that he might do so. Bell went down into the woods to the first marked tree, a maple, which has since been cut, and got what he called the general course of the line indicated by the marked trees, and run back to Granby line, and put down a stake for a corner 28 feet westerly of the corner claimed now by defendant. Both parties expressed themselves satisfied with the line thus established. This was in the forenoon. In the afternoon, Bell, commencing at the corner thus made, went on and divided said lot somewhat differently from what Houston had done. In the afternoon the defendant said to several in the surveying party that he did not own the land, had only an agreement for it, and he was not going to make any corners for Thompson. It did not appear that either the plaintiff or Bell heard this remark of defendant. But the fence was never moved upon the Bell line. The post he placed as a corner was soon taken up and thrown away by some one, but by whom it did not appear. Nor can I find that the plaintiff and Thompson have acted on the Bell division rather than the Houston division."

The other facts are sufficiently stated in the opinion.

*Bates & May,* for the plaintiff.

The location fixed by Mr. Bell was in the nature of an award, and terminated the old arrangement, under which the parties had been acting ever after 1860. The notice to build no more fence terminated the license.

The defendant and plaintiff agreed to make Bell the ar-

bitrator to fix the division line. Bell located the line and put down the post. It does not appear that plaintiff ever denied the validity of the line thus fixed by Bell. Defendant was in the occupation of his lot under a contract of purchase.

The Bell division terminated any right on Bell's part to build and maintain his fence, on plaintiff's lot, in any part of the line. *Goodridge* v. *Dustin,* 5 Met. 363.

The plaintiff withdrew his consent for defendant to longer occupy his land when he forbade the erection of any more fence on *his land.*

All the cases in Vermont show the alleged trespasses to have happened while the arrangement as to accommodation line was in force and unrevoked. *Parks* v. *Pratt,* 52 Vt. 449; *Clark* v. *Dustin,* 52 Vt. 568.

The act is admitted to be unlawful unless within the scope of license; hence the report should clearly show that the act was within reasonable scope of the license. Moak Und. p. 366; *Outhank* v. *R. R. Co.* 71 N. Y. 194; S. C. 27 Am. Rep. 35.

A license to build a fence upon division line does not authorize the building of a zigzag fence, crossing line from side to side, alternately. *Morton* v. *Reynolds,* 16 Vroom, 326; 46 Am. Rep. 776.

The conveyance from Thompson to defendant was a revocation of license. *Stickney* v. *Parmenter,* 35 Mich. 237.

*Wm. & H. Heywood,* for the defendant.
*Clark* v. *Dustin,* 52 Vt. 568, is decisive authority that trespass cannot be sustained.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass *quare clausum fregit,* but was really to settle the divisional line between the parties.

The referee has found the line substantially as claimed by the defendant. The only act shown to have been commit-

ted by the defendant which could be claimed as wrongful, was the rebuilding of a fence in the same place, as nearly as could be ascertained, where a fence was first built in 1860, and had ever since been maintained, and to which the parties in interest had ever since occupied. The fence was built under an agreement that it should be placed on the true line when it should be ascertained. Neither party would become a trespasser by occupying to that fence under that arrangement. *Clark* v. *Dustin*, 52 Vt. 568. It was virtually a license to occupy to that fence until the true line should be ascertained.

Neither was the defendant made a trespasser by rebuilding the fence. He had the right to occupy, and that would carry with it the right to do what was necessary to protect his occupation. And that right was not affected by what was said by the plaintiff when he was building the fence. What was done by Bell in running and ascertaining the dividing line was not conclusive. The agreement was wholly in parol and is not shown to have been acquiesced in for fifteen years. *Smith* v. *Bullock*, 16 Vt. 592.

The judgment for defendant is affirmed.