SARAH M. CAMP, ADM'X, *v.* HARLEY W. CAMP.

*Fence Viewers have no Authority to establish disputed Boundary Lines. Evidence. Exemplary Damages. Parol Contract. Award.*

1. Fence viewers have no official authority to establish a disputed boundary line; and their establishment of one is merely an award on an oral submission, or a parol contract; hence, in an action of trespass on the freehold for building a fence on the plaintiff's land, evidence was not admissible in favor of the defendant, as bearing on the question of location of the division line, to show that the fence viewers established a line, and that the defendant then built his share of the fence at the plaintiff's request; or to prove a license, as the exceptions do not show that the defendant claimed one; but it was admissible as bearing on the question of exemplary damages.

2. When it does not appear for what purpose excluded evidence was offered, if it had any legal tendency to prove or disprove any material issue or question to be determined by the jury, as shown by the exceptions, it must be held to have been improperly excluded.

TRESPASS on the freehold. Plea, general issue, April Term, 1887, TAFT, J., presiding. Verdict and judgment for the plaintiff. The case appears in the opinion.

*H. M. McFarland,* for the defendant.

The evidence was admissible to show a submission to the fence viewers acting as a board of arbitrators. *White* v. *Everest,* 1 Vt. 181. It was clearly admissible as bearing on the question of exemplary damages. *Devine* v. *Rand,* 38 Vt. 621; *Pierce* v. *Hoffman,* 24 Vt. 525; 1 Greenl. Ev. s. 53; *Pratt* v. *Pond,* 42 Conn. 318; *Johnson* v. *Smith,* 64 Me. 553; Sedg. Dam. 330; *Currier* v. *Snow,* 63 Me. 323; *Paine* v. *Farr,* 118 Mass. 74; *Earl* v. *Tupper,* 45 Vt. 275; *Burnham* v. *Jenness,* 54 Vt. 272.

*P. K. Gleed,* for the plaintiff.

There was no error in excluding the evidence. Any action of the fence viewers in locating the line was void. *Shaw* v.

*Gilfillan*, 22 Vt. 565 ; *Smith* v. *Bullock*, 16 Vt. 592. If the offer was to prove a license, then it was properly excluded, as a license must be specially pleaded. *Briggs* v. *Mason*, 31 Vt. 433 ; 1 Chit. Pl. 505 ; *Allen* v. *Parkhurst*, 10 Vt. 557. The charge as to exemplary damages was correct. Rob. Dig. p. 223.

The opinion of the court was delivered by

WALKER, J. This was an action of trespass on the freehold to recover damages for cutting and carrying away grass and building a fence on the plaintiff's land. Plea, the general issue.

The main question in controversy was the location of the division line between the lands of the parties, who were adjoining owners. The plaintiff had verdict, and the defendant excepted.

The defendant relies only upon his exception to the exclusion of the testimony offered by him, tending to show that the fence viewers of the town in which the land was located, when called out to divide the division fence between the parties, on the suggestion of the plaintiff and the assent of the defendant, established the boundary line between their lands, and that the defendant, at the request of the plaintiff, after the line was thus established and the fence divided, went on and built his share of the fence.

As fence viewers have no official authority to establish disputed boundary lines, their action in establishing the division line, as set forth in the offer of the defendant, was merely an award on an oral submission, or a parol contract between the the parties. It has long been settled in this State that a parol agreement in regard to the division line of adjoining owners or proprietors of real estate, unless followed by an acquiescence of fifteen years, is not conclusive between the parties. *Campbell* v. *Bateman*, 2 Aik. 177 ; *White* v. *Everest*, 1 Vt. 181 ; *Smith* v. *Bullock*, 16 Vt. 592.

. As a contract by oral submission and award stands on the

same ground as any other oral contract, an award on an oral submission as to the division line between adjoining proprietors is not conclusive between the parties unless followed by an acquiescence of fifteen years. *Smith* v. *Bullock, supra.* Such a contract is regarded as within the Statute of Frauds. Judge REDFIELD, in the case last cited, says the decisions are to that effect in Massachusetts, Maine and Connecticut, and that the English reports recognize the same doctrine, although a contrary rule has obtained in some states.

The defendant's offer was not accompanied with an offer to show that the parties had acquiesced in the boundary line established by the fence viewers, for fifteen years; the testimony was therefore inadmissible as bearing upon the question of the location of the division line; nor was it admissible as tending to show license; for the exceptions do not show that the defendant, by his plea, or otherwise, claimed to have cut the grass and built the fence under a license from the plaintiff.

But as it does not appear, from the bill of exceptions, for what purpose the excluded testimony was offered, if it had any legal tendency to prove or disprove any material issue or question to be determined by the jury, as shown by the bill of exceptions, we must hold that it was improperly excluded. *Green* v. *Donaldson*, 16 Vt. 162.

It appears that there was evidence in the case tending to show that the defendant in doing the acts charged acted maliciously and with a wanton spirit; and the jury were told that they had a right to award exemplary damages in enhancement of the ordinary damages on account of the bad spirit and wantonness of the defendant, manifested by the acts for which they found him liable, etc. The jury included exemplary damages in their verdict.

The defendant contends that the testimony excluded was material and admissible as bearing on the question of exemplary damages, as tending to show the motive under which the defendant did the acts charged in the declaration.

We think this contention is sound, and that the testimony

was admissible as affecting the right of the plaintiff to exemplary damages, and the extent of his recovery in that respect. Where exemplary damages are claimed, all the circumstances and facts immediately connected with the transaction tending to exhibit or explain the motive of the defendant are admissible in evidence. The plaintiff may show that the act was done with express malice; on the other hand the defendant is entitled to the benefit of any facts and circumstances tending to show that he acted in good faith under an honest belief that he had a right to do the thing complained of. So in this case, if the defendant, in good faith, acted under the award of the fence viewers, made under the circumstances which the testimony offered tended to show, relying upon the line established by them as the division line between the lands, and built the alleged fence, honestly believing that he was building it on the boundary line as his share thereof, and cut the grass believing it was on his land, and that the award was binding, he was clearly entitled to the benefit of such facts in evidence upon the question of exemplary damages, and to all such facts and circumstances as tended to show that he did the acts complained of under an honest belief of his right to do so. He could not show that he did the acts complained of in good faith under the award, relying upon it as conclusive between them, without being permitted to show the submission of the question of the boundary line to the fence viewers, and their action under the same, and such other facts and circumstances as the testimony excluded tended to show.

Judgment reversed and cause remanded.