### The Town of Dover *vs.* H. H. Winchester and C. E. Haynes.

#### January Term, 1898.

Present: Taft, Rowell, Tyler, Start and Thompson, JJ.

*Evidence—Not Error to Exclude Proof Covered by Concession—Admission—Remoteness, A Preliminary Question for Trial Court—Relevancy—Habits of Sheep-Killing Dogs—Rebuttal.*

It is not reversible error to exclude evidence of a fact which is conceded before the close of the trial.

The question being whether the defendants' dogs killed certain sheep, it was error to exclude the statement made to the plaintiff's selectman by one defendant, in the presence of the other, that "they thought there were other dogs in the scrape."

It is permissible to prove the character and habits of a dog by showing his behavior on particular occasions before and after the occurrence in question, whether in or out of the master's presence.

Whether facts, relevant in their nature, are too remote in time or place, is a preliminary question for the trial court, and, ordinarily, will not be revised.

The question being whether the defendants' dogs killed the sheep in question in one pasture, it was not relevant for the defendants to show that other dogs killed other sheep, in a neighboring pasture, at about the same time, in the same manner in which the sheep in question had been killed, and that their barking sounded like the barking of the dogs which were said to have killed these.

One fact cannot be inferred from another merely because the two are similar.

To rebut the defendants' evidence that their dogs went among their own sheep without molesting them, the plaintiff should have been permitted to show that sheep-killing dogs are not accustomed to attack the sheep of their owners, but commit their depredations away from home.

ACTION to recover damages paid by plaintiff to owners of sheep killed by dogs, against defendants as owners of the dogs. Trial by jury at the September Term, 1897, Windham County, *Ross*, C. J., presiding. Verdict and judgment for the defendants. The plaintiff excepted.

The testimony of Houghton, referred to under division four of the opinion, was that the witness had discovered two dogs, not the defendants', chasing and maiming his sheep, and killed them with the consent of the owners.

*S. T. Davenport and Clarke C. Fitts*, for the plaintiff.

*Waterman, Martin & Hitt*, for the defendants.

Evidence of the behavior of the dogs in respect to killing sheep after the occurrence in question, was admissible, and the question of remoteness was for the trial court. *Kennan* v. *Gilmer*, 131 U. S. 22; *Todd* v. *Rowley*, 8 Allen 51; *Maggi* v. *Cutts*, 123 Mass. 535; *Chamberlain* v. *Enfield*, 43 N. H. 356; *State* v. *Ward*, 61 Vt. 185; *Green* v. *Donaldson*, 16 Vt. 162.

TAFT, J. (1) The questions in this case are those of evidence. V. S. 4836, 4837, provide that when sheep are killed by dogs, the selectmen shall proceed and determine that the killing of the sheep is the work of dogs, and have the damages ascertained and appraised. The deposition of one Boyd, who was a selectman of the plaintiff town at the time when the sheep were killed, was offered in evidence, and

the statement therein, "I was satisfied it was the work of dogs," was excluded. It was the duty of the selectmen to determine that the sheep-killing was the work of dogs, before they proceeded to appraise the damages, and the testimony excluded was legitimate upon that question; but if its exclusion was error at the time it was offered, the error was cured by the subsequent concession of the defendants that the ascertainment and payment of damages were regular; therefore the testimony of the deponent, that he was satisfied it was the work of dogs, was unnecessary. The fact which the testimony tended to prove was conceded, and the plaintiff was not harmed by its exclusion. Reynolds on Ev. § 57.

(2) Boyd's testimony tended to show that he had conversation with the defendants concerning their dogs, in connection with the killing of the sheep in question, and that one of the defendants, the other being present, said, "they thought there were other dogs in the scrape." This part of the deposition was excluded. It tended to show an admission by the defendants that their dogs were engaged in the killing, the fact in issue. It was error to exclude it.

(3) Exceptions were taken to the admission of the testimony of Sherman, Perry, and Winchester, which tended to show the dogs were not vicious and when in the vicinity of sheep, and when among them, did not attack them. This was proper testimony, whether it related to a time prior to the killing or subsequent thereto. The only way of showing the fixed character and habits of a dog, is to show his conduct on particular occasions. Evidence of the good or bad behavior of a dog would tend to show a good or vicious disposition, and a fixed habit—*Kennon* v. *Gilmer*, 131 U. S. 22—and was admissible whether the dog was with his master or away from him. There was no error in not submitting the question of the distance of the dogs from their owners, as the testimony was admissible whether they were in the presence of their owners or not.

(4) The testimony of Houghton was excepted to, for that

the facts to which he testified were too remote in location and time. The circumstances to which the testimony related took place at the distance of about a mile from, and a month after, the killing of the sheep which are the subject of this controversy. This exception will not avail the plaintiff for in such cases the length of time, and the distance, to which such evidence may extend is largely within the discretion of the trial judge. It is a preliminary question, which will not, under ordinary circumstances, be considered by this court. Whether the testimony was relevant we do not consider.

(5) The sheep in controversy were killed during the first days of September, 1896, in the Starkey, sometimes called the Warner pasture, and the testimony of the plaintiff tended to show they were bitten in the neck and hindquarters. Under exception, the defendants were permitted to show that, on the fifth day of that month, one sheep was killed in the Simonds pasture, and three killed and two wounded in a pasture adjoining thereto, mostly bitten in the flank and neck; these pastures were a mile from the Starkey pasture, and, under like exception the defendants were permitted to show that in November, 1896, one sheep was killed in the Simonds pasture, bitten on its flank. The purpose for which this testimony was offered was not stated by the counsel, and the purpose for which it was admitted was not stated by the court. No specific objection was made to it. If it was admissible for any purpose the action of the court was not erroneous. *Camp* v. *Camp*, 59 Vt. 667.

A fact or circumstance to be admissible in evidence must be one upon which a reasonable presumption or inference can be founded as to the truth of the issue or fact in dispute. The fact in dispute in the case below was, did the defendants' dogs kill the sheep in the Starkey pasture. If there could have been any evidence in the cause which would make the testimony admissible we must presume it was given. *Tenney* v. *Smith*, 63 Vt. 520, and cases cited. That the defendants' dogs killed the sheep in the Simonds pasture had no tendency

to show they did not kill those in the Starkey pasture, and the fact that other dogs killed sheep in the Simonds pasture did not tend to show the same dogs killed the sheep in the Starkey pasture. The rule in this respect is well stated in Steph. Dig. of Ev., Chap. 3, Art. 10: "A fact which renders the existence or non-existence of any fact in issue probable, by reason of its general resemblance thereto, and not by reason of its being connected therewith in any of the ways specified in articles 3–9, both inclusive, is not deemed relevant to such fact, except in the cases specially excepted in this chapter." In articles 3–9, cited, it is said the fact is relevant, when so connected as to form part of the same transaction,—Art. 3— when the act of a co-conspirator,—Art. 4—when the fact constitutes the exercise of the right of title to property,—Art. 5—a fact relative to the existence of a custom,—Art. 6—facts which supply motive, etc.,—Art. 7—statements accompanying acts,—Art. 8—and facts in explanation of facts in issue, or facts relevant thereto,—Art. 9. In none of these ways was the fact of the killing of the sheep in the Simonds pasture connected with the killing in the Starkey pasture, and the cases specially excepted in the chapter are facts showing good faith, intention, system, etc. The same rule is stated in Reynolds on Ev. (3rd Ed.) Chap. 2, § 12. "This principle, that courts are not at liberty to infer from one fact the probable existence or non-existence of another fact merely because the two are similar, unless they can be first shown to be part of the same transaction, or to be connected together in some way by the chain of cause and effect, is one of the most distinguishing characteristics of the English law of evidence." It was legitimate for the defendants to show that dogs of other parties, acting independently of their dogs, killed the sheep in question; but that other dogs killed other sheep "in the same way that the sheep were that they have described as being killed by these dogs," which was the offer, was not relevant to the issue whether the defendants' dogs killed the sheep for which suit

was brought. It is apparent from the testimony which is referred to that the jury were asked to infer that other dogs killed the sheep sued for, because they killed sheep at other times and places in the same manner the sheep sued for were killed, i. e., infer one fact from the existence of another because the two facts were similar. It was error to admit the testimony. We cannot see how the fact of the manner in which sheep were killed in the Simonds pasture could have been made material by any testimony which posssibly could have been in the case.

(6) The remaining exception refers to the testimony of Judge Walker. The defendants' testimony tended to show that, the winter and summer before the sheep were killed, their dogs went among their sheep and did not offer to molest them. This was evidence introduced by the defendants when they were putting in their case. The plaintiff offered Judge Walker as a witness to show that sheep-killing dogs are not accustomed to attack the sheep of their owners, but that they go away to do it. It is urged by the defendants that this testimony was not excluded by the court but upon the court's suggestion that they might omit it, the plaintiff's counsel withdrew the question. Had this been so, there would have been no error in the omission of Judge Walker's testimony, but the record reads that "the plaintiff also excepted to the ruling of the court, excluding the inquiry put in rebuttal to Judge Walker." The record controls, and that shows the inquiry was not permitted but was excluded by the court. We think it was proper testimony to meet that of the defendants, which tended to show their dogs went among their sheep and did not molest them. If it was a fact that sheep-killing dogs did not attack the sheep of their master, it was proper for the plaintiff to prove it, and as they were prevented from so doing by the ruling of the court, there was error.

*Judgment reversed and cause remanded.*