## ARCHIE J. WORTHEN, *by next Friend, v.* H. W. LOVE.

### *Animals. Vicious Dog. Negligence.*

1. One is not liable for the damages caused by his dog, though he knows that he has a vicious propensity, if he exercises proper care and diligence to secure him so that he will not injure any one, who does not unlawfully provoke or intermeddle with him.

2. In an action to recover for injuries caused by a dog, which the defendant admitted that he knew was vicious, but claimed that he kept him securely chained, evidence was admissible to prove that the defendant knew that the dog broke away and unprovoked bit a child only a short time before the plaintiff was injured,—on the ground that it tended to show that the defendant did not keep the dog securely chained, and to impeach the cr edi bility of the defendant; and this is so although the plaintiff's counsel did not state the object of the evidence, and the court supposed it only bore upon the character of the dog and defendant's knowledge of it.

ACTION on the case to recover for injuries resulting from the bite of a dog. Trial by court, March Term, 1887, TAFT, J., presiding. The court assessed the damages at $30, but held that the plaintiff was not entitled to recover, and rendered judgment for the defendant. The facts appear in the opinion of the court.

*J. C. Baker*, for the plaintiff.

The defendant with knowledge of the vicious nature of the dog is answerable for the injuries.

The language of LEE, Ch. J., in *Smith* v. *Pelah*, 2 Strange, 1264, has full application: "That if a dog has once bit a man, and the owner having notice thereof, keeps the dog and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such

person's treading on the dog's toes; for it is owing to his not hanging the dog on the first notice. And the safety of the King's subjects ought not afterwards to be endangered." *Buckley* v. *Leonard*, 4 Denio, 500; *Godeau* v. *Blood*, 52 Vt. 251; *Hill* v. *Cox*, 54 Vt. 627.

The keeping of such a dog is wrongful and at the peril of the owner, and therefore the owner is liable to any person injured by such a dog, without any averment or proof of negligence, in securing or taking care of it, and irrespective of any question of negligence of the plaintiff. *Woolf* v. *Chalker*, 31 Conn. 121.

The offered evidence was clearly admissible to prove that the dog was not securely fastened, and also the defendant's knowledge.

*H. W. Love, pro se.*

The rejected evidence was immaterial. Before a party excepts to the rejection of evidence he should make his offer plain. *Daniels* v. *Patterson*, 3 N. Y. 47. In reply to the plaintiff's brief, see *Earl* v. *Van Alstine*, 8 Barb. 630; *Scribner* v. *Kelley*, 38 Barb. 14; *Blackman* v. *Simmons*, 3 C. & P. 138; 4 C. & P. 297; 1 Esp. 203.

The opinion of the court was delivered by

Ross, J. · On the facts found by the County Court, its judgment for the defendant was correct. The owner of a dog known to be vicious, has the right to keep him, if he exercises proper care and diligence to secure him so that he will not injure any one who does not unlawfully provoke, or intermeddle with him. The court has found that the defendant knew the dog was vicious and kept him chained during the day time in his barn, and that he broke away and injured the plaintiff by reason of being unlawfully provoked by the plaintiff, who had no lawful occasion to go to the barn where the dog was chained. Hence, the only question for consideration is whether the court improperly excluded the offered testimony

of Eugene Alexander. The defendant had conceded that he knew the vicious propensity and character of the dog, and that, ever since he had that knowledge, he had kept him securely chained in his barn during the day time with the barn doors open, but left him unchained in the barn nights with the barn doors securely closed. This testimony tended to show that the defendant had exercised due care and diligence in restraining the dog, and that if he broke away on the occasion of the injury, it was owing solely to the negligence, or unlawful conduct of the plaintiff, in provoking the dog. The rejected testimony of Alexander tended to show that the defendant did not keep the dog securely chained during the day time, but left him so insecurely chained that only a few days before the injury of the plaintiff, the dog when unprovoked, broke away from its fastenings, and injured the witness' young daughter, when passing on the street, and that this was known to the defendant. This offered testimony bore directly upon the care and diligence of the defendant in keeping the dog, and of his knowledge that he was insecurely fastened. It also tended to impeach the credibility of the defendant as a witness. It was therefore admissible. The fact that the court supposed that it only bore upon the character of the dog, and the defendant's knowledge of it,—which had been conceded,—did not without inquiry, or having the purpose for which the testimony was offered, stated, authorize its rejection. *Camp* v. *Camp*, 59 Vt. 667, is a recent and full authority on this point. As it cannot be known what facts would have been found if this testimony had been admitted, the judgment must be reversed and cause remanded for a new trial.