ROSALIE TRUDO B.N.F. *v.* EUGENE M. LAZARUS ET ALS.

(73 A2d 306)

February Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed May 2, 1950.

*Paul R. Teetor* for the plaintiff.

*Louis Lisman* for the defendants.

SHERBURNE, C. J.   This is an action for personal injuries received on February 15, 1949.   Viewed most favorably to the plaintiff the evidence reasonably tended to show the following facts: The plaintiff was 9 years old.   For several years the defendants had owned a piece of land in the village of Middlebury located directly behind the house in which the plaintiff lived, upon which were the remains of a laundry building which had partially burned in 1942. Some of the walls remained standing, although the windows had been broken out, and the roof was falling in.   The east wall was right up to the line of a house lot owned by one Ferland.   Originally the window sills in this wall were about two feet above Ferland's land, but in 1947 he graded his backyard right up to the east wall of the laundry and filled it up to about three inches below the window sills. Children were accustomed to play in and about this building, but the plaintiff and her sisters aged 11 and 6 had been warned by their parents not to do so, and did not go into the building but played around it.   On the day in question the plaintiff and her sisters were playing "cowboys and crooks", a kind of hide and seek.   While the plaintiff was standing on Ferland's land about two feet in front of one of the broken out windows her younger sister came running and grabbed her in such a way that she fell in through the broken out window opening and down upon some broken glass on the floor inside the building, and received the injuries for which recovery is sought. The defendants never did anything to guard against the possibility of children getting hurt there.   There was no evidence that the defendants actually knew that children had played about this building,

and it is doubtful if it can be inferred that they ought to have known that they had, but for the purposes of this discussion we will assume that they should have known that they had done so.

In her declaration the plaintiff alleges that the ruins of the partially burned laundry building constituted an attractive nuisance to children, and that it became and was the duty of the defendants to clean up, restore, repair and rehabilitate the premises so that they should not constitute an attractive nuisance dangerous to children as contemplated by V. S. 47, § 10, 361, and that they wilfully, wantonly and maliciously failed and neglected so to do. Upon defendants' motion at the close of the plaintiff's evidence the court directed a verdict for the defendants and entered judgment thereon, to all which the plaintiff excepted.

Except as provided in the statute referred to, the so-called attractive nuisance doctrine is not recognized in this jurisdiction. Negligence presupposes a breach of duty owed by the party charged to the party injured. *Chicoine* v. *Cashman,* 108 Vt 133, 136, 183 A 487; *Coburn* v. *Village of Swanton,* 94 Vt 168, 170, 109 A 854; *Bottum's Admr.* v. *Hawks,* 84 Vt 370, 372, 79 A 858, 35 LRANS 440, Ann Cas 1913A, 1025. Our rule is that the owner or occupant is under no obligation to a trespasser, whether adult or child, to protect him from injury by reason of the unsafe and dangerous condition of the premises. *Chicoine* v. *Cashman, supra,* at p. 137; *Coburn* v. *Village of Swanton, supra,* at p. 171; *Bottum's Admr.* v. *Hawks, supra,* at p. 373.

As in *Bottum's Admr.* v. *Hawks, supra,* it is to be observed that this is not the case of one who digs a pit on his own land but so near the highway that a traveler by inadvertence steps off into it, like *Barnes* v. *Ward,* 67 E.C.L. 392, and *Sanders* v. *Reister,* 1 Dak 151, 46 NW 680; nor is this the case of injuries intentionally inflicted, like the spring gun case, *Bird* v. *Holbrook,* 13 E.C.L. 667, and the baited trap case, *Townsend* v. *Wathen,* 9 East 277. Nor is this a case where the injuries were received by a trespasser or bare licensee from force negligently brought to bear upon him, as in *Watterlund* v. *Billings,* 112 Vt 256, 23 A2d 540; *Dent, Admr.* v. *Bellows Falls and Saxtons River Ry. Co.,* 95 Vt 523, 116 A 83; *Seymour* v. *Central Vermont R. R. Co.,* 69 Vt 555, 38 A 236; and *Lindsay* v. *Canadian Pac. R. R. Co.,* 68 Vt 556, 35 A 513, where the parties were injured, not by reason of the condition of the prem-

ises, but by the negligence of the defendants arising after they had entered upon the defendants' properties.

The instant case is one of omission merely. The evidence no more supports the allegations that the defendants wilfully, wantonly and maliciously failed and neglected to fix up the premises, so that they should not be an attractive nuisance dangerous to children, than the factual situation in *Bottum's Admr.* v. *Hawks, supra,* and in *Chicoine* v. *Cashman, supra.* In the Bottum case the intestate, a boy, fell into an open bulkhead near a frequented street close by a school, and near which was a path habitually used by children. The structure was attractive to children and they were frequently led to play about it to the knowledge of the defendant. In the Chicoine case the defendant left a box containing dynamite and blasting caps upon an embankment where children of the neighborhood were accustomed to play. The plaintiff boy while playing there found the box and took home four of the blasting caps, and afterwards picked one of the caps with a pin and it exploded. It was alleged that the defendant was negligent in leaving the caps while no employees were present, knowing that children were unfamiliar with the peril and were accustomed to play there. The danger of serious injury in these two cases was much greater than in the instant case. In the Bottum case the intestate was drowned, and suffering the bulkhead to remain unguarded was called "an act of deliberate carelessness." In the instant case, until Ferland graded his backyard a year and a half before the accident, the window sill afforded a two foot high barrier. There was no evidence that the defendants knew that this grading had been done. Whether an omission to clean up or guard against a dangerous condition could be so wilful, wanton and malicious as to afford a remedy to a trespasser we need not decide. It is sufficient to say that under our cases the facts shown do not warrant a recovery by a trespasser.

■ Because the plaintiff had been on Ferland's land and accidentally fell through the window she claims that she was not a trespasser upon defendants' premises. A plaintiff cannot avoid the rule governing trespassers and bare licensees by showing that he was carried upon the property by accident or otherwise against his will. The question is primarily one of duty on the defendant's part rather than innocence on the plaintiff's. In the absence of special circumstances requiring the defendant to anticipate such a contingency, and to guard against it as a probable incident of public travel,

there is no such duty. Annotator's statement, 174 ALR 478. The plaintiff was a trespasser.

The plaintiff claims that the attractive nuisance doctrine has been enacted into our law in the particular circumstances of this case by V. S. 47, § 10,361. This section reads as follows:

> "Whenever a building or structure, by reason of age, neglect, want of repair, action of the elements, destruction, either partial or total, by fire, riot or other cause, is so dilapidated, unsightly, ruinous, decayed, filthy, unstable or dangerous as to constitute a material menace or damage in any way to adjacent property, or to the public, or an attractive nuisance to children in the neighborhood of such building or structure, and has so remained for a period of not less than one month, the fire marshal or his deputy, or either of them, upon reasonable notice to the owner, lessee, mortgagee, occupant or anyone owning an interest in such building or structure and upon such hearing in the premises as the fire marshal or deputy fire marshal shall deem sufficient, may make reasonable orders for the repair, rehabilitation, destruction or removal of such building or structure. * * *"

■ This statute contemplates a hearing at which it shall be determined if the building or structure is in such condition as to constitute an attractive nuisance to children. Until such determination and an order is made no duty is imposed.

■ Plaintiff offered certain evidence which was excluded. All she says in her brief is that she renews her contention that such evidence was relevant and admissible for the purpose offered. This is inadequate briefing and merits no consideration. *Flint* v. *Davis*, 110 Vt 401, 404, 8 A2d 671.

We have considered all questions raised within the scope of the declaration or the theory upon which the case was tried, and find no error.

*Judgment affirmed.*