## Helen B. Davis v. Milton Bedell et al

[194 A.2d 65]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 1, 1963

*Harvey B. Otterman, Jr.* for the plaintiff.

*W. Edson McKee* for the defendants.

**Holden, J.** The plaintiff suffered serious consequences from a dog bite inflicted by the defendant's dog as she was walking along the public highway in front of their residence in Bradford, Vermont. The dog, a small terrier, was running at large and unrestrained at the time of the plaintiff's injury. The defendants had owned the animal for ten years. There was no evidence that it had injured any person before this event, nor did it appear that the defendants had ever received any complaints that the dog was vicious.

Several of the residents in the area testified to numerous occasions when the dog had rushed from the yard into the highway to bark, snarl and growl at travelers on foot and on bicycles, as they passed the defendant's home. A neighbor, who resided across the street from the defendants' residence, testified that the terrier was in the habit of chasing pedestrians and that the defendant, Mrs. Bedell, had once told her she thought a boy in the neighborhood "had been stoning the dog and made it ugly."

It is plain from the testimony of both defendants, Mr. and Mrs. Bedell, that they were aware their dog harassed pedestrians at the roadside by jumping and chasing after them, and barking. The defendants had observed some of these instances and on these occasions called the dog and shut it in.

At the conclusion of the evidence the defendants moved for a directed verdict on the ground that there was no showing of knowledge on the part of the owners that their dog was of a vicious disposition nor that it had any inclination to bite. The motion was denied. The sole question in this appeal by the defendants is whether their motion for a directed verdict of no liability was properly overruled.

Since ancient times, dogs have been regarded as friends of man, and oftentimes of great usefulness to him. The law recognizes that most dogs are harmless. Consequently, the keeper of a domestic

dog is not liable for injuries to persons and property unless the owner had some reason to know the animal was a probable source of danger. Prior complaints from earlier victims are not essential to legal liability; nor is the owner immune until actual injury has been inflicted. The question in each case is whether the dog's past behavior has been such as to require a person of reasonable prudence to foresee harm to the person or property of others. *Crowley* v. *Groonell,* 73 Vt. 45, 47, 50 Atl. 546, 87 Am. St. Rep. 690, 55 L.R.A. 876; Holmes, The Common Law, p. 150 *et seq.* (1881); *Godeau* v. *Blood,* 52 Vt. 251, 252, 36 Am. Rep. 751; Restatement, Torts, §509, comments f and g; 2 Am. Jur. Animals, §49, *et seq;* 3 C.J.S. Animals §151.

In the instant case there was evidence, by way of an admission, that Mrs. Bedell knew the dog had been made ugly. The circumstances afforded adequate justification for a finding by the jury that both she and her husband had reasonable and sufficient opportunity for knowing that their dog was a source of danger to persons passing by their premises on foot, as the plaintiff was doing at the time of her injury.

Such a determination by the jury would establish a duty on the part of the dog's owners to exercise reasonable control and restraint of the terrier to avoid the very injury which did occur. The jury was entitled to conclude that a failure to do so in these circumstances would constitute negligence. *Godeau* v. *Blood, supra,* 52 Vt. at 255.

*Judgment affirmed.*