# Bernard J. Carr v. Warren Case

[380 A.2d 91]

No. 84-77

Present: **Barney, C.J., Daley, Larrow, Billings,** and **Hill, JJ.**

Opinion Filed November 3, 1977

Motion for Reargument denied November 29, 1977

*Sullivan & McCaffrey*, Rutland, for Plaintiff.

*Allan R. Keyes* and *John J. Zawistoski* of *Ryan, Smith & Carbine, Ltd.*, Rutland, for Defendants.

**Hill, J.** This case involves the proper theory of liability of a dog owner whose dog, known to its owner to be dangerous, bites another person while restrained. Plaintiff-appellant Bernard J. Carr was awarded judgment for $3,672.00 against defendant-appellee Warren Case following a jury trial. Appellant's subsequent motions for additur, amendment of judgment and a new trial were denied, and he appealed. The question of the sufficiency of the damages having been preserved for the consideration of the lower court, the case is properly before us. Cf. *McCarthy* v. *Emmons*, 135 Vt. 450, 378 A.2d 107 (1977).

The issues which appellant raises are: I. Whether the trial court was correct in charging the jury to consider the relative degrees of negligence of the appellant and the appellee in reaching a verdict, or whether the court should have held the appellee strictly liable for the injuries to appellant, subject to a jury finding that appellee was aware of the vicious propensities of his dog. II. Whether the trial court erred in directing a verdict in favor of defendant Joan Case at the close of the plaintiff's case. III. Whether the trial court erred in dismissing Marcus Carr, father of the appellant, from the case as a party plaintiff.

Appellant's injuries were incurred on an April evening in 1974 when he was visiting appellee's daughter at appellee's home. As he was walking up a path from the road to the house, appellant saw appellee's dog a few yards away and left the path to pet the dog. The dog was chained to a barn next to the house. When appellant reached to pet the dog, it bit him in the face and hand. Appellant sustained severe lacerations.

## I.

There was evidence presented in this case from which the jury could have concluded that appellee knew that his dog was dangerous, prior to the occasion on which appellant was bitten. Appellant contends that a proper statement of the law is that where a dog owner knows of the vicious propensity of his dog, he is absolutely liable for all injuries caused by the dog. Appellant argues that because contributory negligence is no defense to a charge of absolute liability, the lower court erred in allowing the jury to consider appellant's contributory negligence and to make findings on the comparative negligence of both parties.

Our prior cases make it clear, however, that the doctrine of absolute liability is not applicable here. In Vermont, when a dog owner has reason to know that his dog might bite some person, "then the duty of restraint attache[s]; and to omit it [is] negligence." *Godeau* v. *Blood*, 52 Vt. 251, 254 (1880); accord *Davis* v. *Bedell*, 123 Vt. 441, 443, 194 A.2d 68 (1963); *Worthen* v. *Love*, 60 Vt. 285, 286-87, 14 A. 461 (1888). We hold, therefore, that the trial court was correct in charging the jury that the basis of appellant's claim was negligence. Because there was evidence presented from which the jury could infer that appellant had

been contributorily negligent, the trial court was also correct in charging the jury on that issue. Given this holding, it was of course also necessary to instruct the jury to compare the negligence of the two parties. 12 V.S.A. § 1036.

## II.

We do not agree with appellant that the trial court erred in directing a verdict in favor of the defendant Joan Case. There was no evidence presented showing that Joan Case knew of the vicious propensities of the Case's dog.

## III.

As to appellant's contention that his father, Marcus Carr, was wrongly dismissed from the case as a party plaintiff, we hold that there was no error because Marcus Carr never was a plaintiff in the case. The complaint named as plaintiff "BERNARD J. CARR, by next of friend and father, natural guardian Marcus Carr." There was no allegation in the complaint that Marcus Carr had suffered any independent loss as a result of the dog bite. Under these circumstances, a parent suing as next friend is not considered a party to the action. *Trapeni* v. *Walker*, 120 Vt. 510, 516, 144 A.2d 831 (1958).

*Affirmed.*