Francoeur v. Allen, No. 95-3-04 Bncv  (Carroll, J., Dec. 6, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
BENNINGTON COUNTY, ss.

| | | |
|---|---|---|
| AMANDA FRANCOEUR, a minor, | ) | |
| and MICHELLE FRANCOEUR, her | ) | |
| guardian and next friend, | ) | |
| Plaintiffs, | ) | BENNINGTON SUPERIOR COURT |
| | ) | DOCKET NO. 95-3-04 Bncv |
| v. | ) | |
| | ) | |
| RAYMOND ALLEN and | ) | |
| DOROTHY ALLEN, | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Amanda Francoeur (Francoeur), through her mother and next friend Michelle Francoeur sues Defendants Raymond and Dorothy Allen (Allens) for negligence as a result of dog bites suffered by Francoeur at the Allens' residence in Bennington.

The Allens have moved the Court for summary judgment, arguing that at the time of the dog bite, Francoeur was a trespasser to whom no legal duty was owed and that no dispute exists as to that status.  Therefore, the Allens argue that summary judgment is appropriate as a matter of law.  For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

### Standard for Summary Judgment

Summary Judgment under V.R.C.P. 56 is appropriate when there is "no genuine issue as

to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56 (c)(3). When reviewing a motion for summary judgment, the Court will afford the non-moving party "all reasonable doubts and inferences" based upon the facts presented. Samplid Enterprises, Inc. v. First Vermont Bank, 165 Vt. 22, 25 (1996) (citing Pierce v. Riggs, 149 Vt. 136, 139 (1987)). In the event that the non-moving party opposes the moving party's motion, "[a]llegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

## Background

On the evening of June 21, 2003, the Allens' daughter, Kristy Osgood who was accompanied by Amanda Francoeur, stopped by the Allens' home to use the bathroom and speak with her mother. Osgood is Dorothy Allen's daughter and Raymond Allen's stepdaughter. The Allens were unaware that Osgood planned to visit, and were not home when Osgood and Francoeur arrived. Plaintiff Amanda Francoeur is Osgood's friend and neighbor who occasionally looked after Osgood's young child. Francoeur accompanied Osgood in her vehicle as the two drove around on June 21, 2003, following an argument between Osgood and her fiancé.

On June 21, 2003, Osgood was a nineteen year old adult woman and lived at another residence in the area with her children and fiancé. She had not lived with her parents since she was sixteen. The deposition testimony of Dorothy Allen, Raymond Allen, and Kristy Osgood reflects an understanding among the three that Osgood (or any of the Allens' other children) was not to enter her parents' property when they were not present. (See Osgood Dep., at 18, 63;

2

Raymond Allen Dep., at 5; Dorothy Allen Dep., at 39-40, 42.)

Osgood testified in her deposition that on June 21, 2003, when she arrived at her parents' house, she believed that her parents were not home and told Francoeur to remain in her vehicle while she used the bathroom. (Osgood Dep., at 18.)

Francoeur testified in her deposition that Raymond Allen had never given her his permission to enter the Allens' property. (Francoeur Dep., at 25.) However, Francoeur testified that Osgood invited her into the house when they arrived, and thus the parties' deposition testimony is in conflict with respect to whether or not Osgood invited Francoeur into the house on June 21, 2003. Prior to June 21, 2003 Dorothy Allen had met Francoeur on one occasion at Osgood's home, however Raymond Allen had never met Francoeur. (Raymond Allen Dep., at 18.) Neither Dorothy nor Raymond Allen gave Francoeur permission to enter their property on June 21, 2003. (Raymond Allen Dep., at 5; Dorothy Allen Dep., at 39-40.)

Despite the disparity between Osgood's and Francoeur's deposition testimony, at some point before her entry into the house, Francoeur was knocked down and bitten by the Allens' dogs after they ran through the front door from within the house. The dogs exited the house as the front door was opened (either by Osgood or Francoeur), knocked Francoeur down, and proceeded to bite her until Osgood restrained them. Francoeur was on the Allens' front porch at the time she was bitten.

### Discussion

The undisputed facts lead the Court to conclude that Francoeur was a trespasser at the Allens' residence on June 21, 2003. A trespasser is "one who 'enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or

3

otherwise.'" <u>Farnham v. Inland Sea Resort Properties, Inc.</u>, 175 Vt. 500, 502 (2003) (mem.) (quoting Restatement (Second) of Torts § 329 (1965)). Consent given by a possessor of land may be conditional or restricted in scope.[1] See <u>Hillier v. Noble</u>, 142 Vt. 552, 557-58 (1983) (by entering land for purpose different from that for which consent was expressly given, invitee exceeded scope of consent and became a trespasser to whom no duty was owed); 75 Am. Jur. 2d <u>Trespass</u> § 89 (1991) ("consent given by a possessor of land to the actor's presence on the land during a specified period of time does not create a privilege to enter or remain on the land at any other time").

Moreover, a reasonable mistake of law or fact is no defense to trespass, 75 Am. Jur. 2d <u>Trespass</u> §§ 11, 83, nor is infancy, <u>id</u>. § 77, nor authorization from one who could not lawfully give such authorization. <u>Id</u>. § 75. In essence, trespass is viewed objectively from the land

---

[1]Francoeur also argues that the cases cited by the Allens are "inapplicable," attempting to distinguish <u>Hillier v. Noble</u> on its facts by stating that "Plaintiff did not enter the Defendants' property to retrieve a ball or otherwise trespass." (Pl.'s Response to Def.'s Mot. for Summ. J., at 4.) However, Francoeur misses the import of <u>Hillier</u>'s guidance. <u>Hillier</u> illustrates the concept of a limited scope of consent, an issue at the fore of this case. See <u>Hillier</u>, 142 Vt. at 557-58 ("[a]n invitation to come upon premises for one purpose does not justify or invite entry for any and all other purposes."). Francoeur restates this concept by noting that Dorothy Allen "claims that Kristy [Osgood] did not have permission to be in her house if she wasn't there but apparently it was no problem if the parents were home." (Pl.'s Response to Def.'s Mot. for Summ. J., at 3.) This is precisely the nature of conditional or restricted consent.

4

owner's vantage point, and invitee or licensee status is created by consent from the actual possessor of the land. See Hillier, 142 Vt. at 557 (property owner "has the right to make an invitation as broad or as limited as he sees fit"). Here, it is undisputed that Francoeur was not given permission by the Allens to enter their property on June 21, 2003. (Francoeur Dep., at 25; Raymond Allen Dep., at 5; Dorothy Allen Dep., at 39-40, 42.)

In Vermont, "an owner or occupant is under no obligation to a trespasser, whether adult or child, to protect him from injury by reason of the unsafe and dangerous conditions of the premises." Hillier, 142 Vt. at 556 (quoting Trudo v. Lazarus, 116 Vt. 221, 223 (1950)). Vermont has not adopted strict liability for injuries caused by dog bites, but rather imposes liability when the owner of the dog has "some reason to know the animal [is] a probable source of danger." Id. (quoting Davis v. Bedell, 123 Vt. 441, 442-43 (1963)). If a dog owner has reason to know that the animal is dangerous, the owner's duty to invitees and licensees becomes one of "reasonable control and restraint" of the animal. Id. at 557 (citing Carr v. Case, 135 Vt. 524, 526 (1977)); Buzzell v. Jones, 151 Vt. 4, 6-7 (1989).[2]

Francoeur argues that material facts regarding her status as a trespasser remain in dispute. First Francoeur argues that summary judgment is inappropriate because she was invited to the Allens' house by Osgood and thus was not a trespasser. Francoeur argues that "it should be left

---

[2]Although one of the Allens' dogs had bitten other visitors to the Allens' home, the Court need not address whether or not the Allens took reasonable precautions to restrain the animals and notify visitors of their presence. Because Francoeur was a trespasser, the Allens owed no duty of care to Francoeur other than not willfully or wantonly causing her injury.

to a jury to decide which set of facts it accepts." (Pl.'s Response to Def.'s Mot. for Summ. J., at 1.) Even were it undisputed that Osgood affirmatively invited Francoeur onto the Allens' property, Osgood would still have had no authority to consent to Francoeur's presence as she was not in possession of the property, nor is there any evidence that she was authorized to give such consent. See 75 Am. Jur. 2d Trespass § 86 (consent "must be granted by one in possession . . . or by one . . . authorized to give such consent"); see also id § 83 (for liability in trespass it is "immaterial whether [one] honestly and reasonably believes that he has the consent of the possessor or of a third person having power to give consent on his behalf").

Francoeur's status on the night she was bitten was in no way elevated by any invitation Osgood may or may not have made to her because Osgood lacked her parents' consent to be present when they were not there. Cf. Robillard v. Tillotson, 118 Vt. 294, 300 (1954) (in business setting, person invited onto premises by another invitee or licensee on premises has rights coextensive with invitee or licensee). Therefore, the dispute as to whether Francoeur was invited inside by Osgood is not material to Francoeur's status as a trespasser and will not preclude summary judgment.

Francoeur also argues that it is "clear that the Defendants' 19 year old daughter had permission to enter the premises." (Pl.'s Response to Def.'s Mot. for Summ. J., at 4.) Francoeur's bare assertion is not supported by any evidence indicating that Osgood had any more than conditional or restricted consent to enter her parents' property. Francoeur asserts that the "argument that the Defendants did not invite any of their daughter's friends so therefore her friends are trespassers" is an issue of "reasonableness" to be considered by a jury. (Id.) Francoeur is incorrect as she has presented no evidence contravening the testimony of Osgood

6

and the Allens in her opposition to the Allens' motion. Moreover, the question of whether or not a property owner gave consent to an individual to enter his or her land is not determined by a reasonableness inquiry. It is a factual inquiry. Here it is undisputed from the evidence put forth by the parties that Kristy Osgood had only limited consent to enter her parents' property when they were present.

Lastly, whether or not the lights were on in the Allens' driveway, and whether or not Francoeur saw the multiple 'beware of dogs' signs is immaterial to whether Francoeur was a trespasser to whom no duty was owed. As a trespasser under the law, the presence or absence of signs and illumination in no way affects the duty owed by the Allens to Francoeur.

## ORDER

For the foregoing reasons, Defendants Raymond and Dorothy Allen's Motion for Summary Judgment is **GRANTED**.

Dated this _____ day of November, 2004, at Bennington, County of Bennington, Vermont.

_____
Karen R. Carroll
Presiding Judge

7