Morrissey v. Carroll, No. 327-10-03 Bncv (Wesley, J., Dec. 20, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**                                    **BENNINGTON SUPERIOR COURT**
**BENNINGTON COUNTY, SS.**                              **DOCKET NO. 327-10-03 Bncv**


**MARY A. MORRISSEY,**
         **Plaintiff,**

                              **v.**

**RHODA W. CARROLL and**
**TIMOTHY CARROLL,**
         **Defendants.**


**ORDER RE:**
**DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

In this personal injury suit the Plaintiff alleges that she was injured by Defendants' visually impaired horse ("Joker") which had escaped from its corral. As established by the undisputed evidence, Plaintiff was driving her motor vehicle along Middle Pownal Road when she encountered two escaped horses on the roadway. Plaintiff activated her vehicle's flashers and followed the horses along the roadway until they re-entered the corral from which they appeared to have escaped through a knocked-down section of fencing. By this time, five Town of Bennington employees had arrived on the scene, and they propped the heavy metal section of fencing in place and secured it with chains. As Plaintiff was observing from a few feet away, Joker abruptly and unexpectedly galloped straight through the replaced section of fence, causing

1

it to strike Plaintiff and knocking her to the ground.  Plaintiff suffered injury as a result of this incident, although the degree of injury remains in question,

The standard of care for the keeping of domestic animals is set out in Zukatis v. Perry, 165 Vt. 298 (1996). In Zuaktis  - which also involved the keeping of a horse - the Court noted that the standard "has been variously described," and that:

> As a general rule: "the keeper of a domestic [animal] is not liable for injuries to persons and property unless the owner had some reason to know the animal was a probable source of danger." Stated another way, liability attaches only when "the [animal]'s past behavior has been such as to require a person of reasonable prudence to foresee harm to the person or property of others." *Hillier*, 142 Vt. at 556-57, 458 A.2d at 1104 (citations omitted) (quoting *Davis v. Bedell*, 123 Vt. 441, 442-43, 194 A.2d 67, 68 (1963)); see also *Jividen v. Law*, 194 W.Va. 705, 711-12, 461 S.E.2d 451, 457-58 (1995) (liability for harm caused by animal will not attach unless injured party can show, based on animal's past behavior and characteristics, that injury could reasonably and foreseeably have been anticipated).

Zukatis v. Perry, 165 Vt. 298, 303 (1996).

Plaintiff's pleadings distill the holding in Zukatis to require that "liability for harm caused by animal will not attach unless injured party can show, based on animal's past behavior and characteristics, that injury could reasonably and foreseeably have been anticipated." Id. at 303 (citing *Jividen v. Law*, 194 W.Va. 705, 711-12 (1995)). However, Plaintiff reads this language to allow liability to attach based exclusively on the characteristics of the animal. To accept this reading is to ignore the fact that the language on which Plaintiff relies plainly requires evidence of  "past behavior"*as well as* characteristics.

Summary judgment is appropriate where, after giving the benefit of all reasonable doubts and inferences to the nonmoving party, it appears that there is no issue of material fact, and therefore, that the moving party is entitled to judgment as a matter of law.  Select Designs, Ltd. v. Union Mut. Fire Ins. Co. 165 Vt. 69, 72 (1996).  Plaintiff has adduced no evidence whatsoever of

any past bolting/escape behavior by Joker. Giving fully credence to the opinion offered by Plaintiff's expert - that visually impaired horses generally spook easily - she still must produce evidence of Joker's past bolting/escaping behavior to activate any heightened duty of care. There is simply nothing of record from which it might reasonably be inferred that either Defendant should have been aware of Joker's potential danger due to a susceptibility to startle or bolt. Therefore, Defendants are entitled to judgment as a matter of law, and their motion for summary judgment is **GRANTED**.

Dated at Bennington, Vermont this ____day of December, 2005.

_____
John P. Wesley
Superior Court Judge

3