14-3508-cv
Carvalho v. Grzankowski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
          ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges.*

----------------------------------------------------------------------

CARRIE A. CARVALHO,
                    *Plaintiff-Appellant*,

                    v.                                          No. 14-3508-cv

RENEE GRZANKOWSKI, SCOTT GRZANKOWSKI,
                    *Defendants-Appellees*.

----------------------------------------------------------------------

APPEARING FOR APPELLANT:      CHRISTOPHER J. McVEIGH, McVeigh Skiff, Burlington, Vermont.

APPEARING FOR APPELLEES:      ANDREW CAREY BOXER, Ellis Boxer & Blake, PLLC, Springfield, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 8, 2014, is AFFIRMED.

Plaintiff Carrie Carvalho, the owner of a full-grown bullmastiff named Greta, appeals from an award of summary judgment in favor of defendants Renee and Scott Grzankowski, owners of a Labrador retriever puppy named Trey, on Carvalho's claim of negligence arising from an encounter between the two dogs that resulted in Greta pulling on her leash with such force as to cause injury to Carvalho's shoulder. Carvalho argues that the district court erred in concluding, as a matter of law, that defendants were not negligent in failing to protect her from their dog. We review an award of summary judgment <u>de novo</u>, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. <u>See</u> Fed. R. Civ. P. 56(a); <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 842–43 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To establish negligence under Vermont law, a plaintiff must show "that the defendant owed her a legal duty, that the defendant breached that duty, that the breach was the proximate cause of the plaintiff's injury, and that she suffered actual loss or damage." <u>Lenoci v. Leonard</u>, 2011 VT 47, ¶ 9, 189 Vt. 641, 642, 21 A.3d 694, 697 (2011). "Duty, the first element, is central to a negligence claim, and its existence is primarily a question of law." <u>Endres v. Endres</u>, 2008 VT 124, ¶ 11, 185 Vt. 63, 68, 968 A.2d 336, 340 (2008); <u>see</u> <u>Buxton v. Springfield Lodge No. 679, Loyal Order of Moose,</u>

2

Inc., 2014 VT 52, ¶ 7, 196 Vt. 486, 490, 99 A.3d 171, 174 (2014) (stating that court determines "whether a duty is owed, as well as the scope of any duty that is owed").

The district court here concluded that "Defendants had no duty to protect Plaintiff from Trey's behavior because they had no notice that Trey's behavior posed a probable source of danger to <u>Plaintiff</u>, rather than to her dog." <u>Carvalho v. Grzankowski</u>, 36 F. Supp. 3d 423, 431 (D. Vt. 2014) (emphasis in original). Carvalho submits that this conclusion takes "too narrow" a view of defendants' duty of care. She argues that defendants could—and should—have prevented her injury by restraining Trey and that reasonable care requires the exercise of such restraint, given defendants' notice of Trey's energetic and playful demeanor. We are not persuaded.

A landowner owes a guest a duty of "reasonable care in all the circumstances." <u>Demag v. Better Power Equip., Inc.</u>, 2014 VT 78, ¶ 26, 197 Vt. 176, 102 A.3d 1101, 1110 (2014). But the circumstances here were insufficient to put defendants on notice that their Labrador retriever puppy was a "probable source of danger," either to Greta—a mature bullmastiff weighing approximately 80 to 90 pounds—or to Greta's owner. <u>Davis v. Bedell</u>, 123 Vt. 441, 443, 194 A.2d 67, 68 (1963) (stating that "question in each case is whether the dog's past behavior has been such as to require a person of reasonable prudence to foresee harm to the person or property of others"); <u>accord</u> <u>Hillier v. Noble</u>, 142 Vt. 552, 556–57, 458 A.2d 1101, 1104 (1983). Much less could defendants have foreseen an indirect and "unreasonable risk of injury" to Carvalho from Trey's behavior toward Greta. <u>Demag v. Better Power Equip., Inc.</u>, 2014 VT 78, ¶ 27, 197 Vt. 176, 102

3

A.3d at 1110 (stating that, under common law, degree of care that reasonably prudent person would exercise and, thus, scope of legal duty are determined by foreseeability of consequences of individual's acts or omissions).   Indeed, Carvalho's injury stems from her own inability to control her leashed dog.   We therefore conclude, viewing the record in the light most favorable to Carvalho, that she has not established a claim for negligence against defendants.

Insofar as Carvalho seeks certification to the Vermont Supreme Court, we deny that application.   See generally 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125–26 (2d Cir. 2011) (recognizing discretionary authority to certify questions of state law).

We have considered Carvalho's remaining arguments, and we conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4