VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street, PO Box 187
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 205-3-20 Cncv

Barone et al vs. Cota et al

## DECISION ON MOTION FOR SUMMARY JUDGMENT

This is a case involving injuries attributed to two dogs out of the control of their owner. While walking near the property of Jordan and Ariel Cota, Plaintiff Dawn Barone fell and broke her leg. She claims that the Cotas' two dogs were running loose and caused her to fall. The Cotas have moved for summary judgment, arguing that Ms. Barone has failed to discover evidence that would give rise to an actionable duty. The court grants the motion.

On a motion for summary judgment, the burden falls first on the moving party to demonstrate the absence of dispute as to material facts. *E.g.*, *Couture v. Trainer*, 2017 VT 73, ¶ 9 (citing V.R.C.P. 56(a)). Where there has been sufficient time for discovery, the moving party may meet this burden by pointing to an absence of evidence to meet the nonmoving party's burden of proof at trial. *E.g.*, *Burgess v. Lamoille Housing P'Ship*, 2016 VT 31, ¶ 17, 201 Vt. 450 (quoting *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989)). The burden then shifts to the nonmoving party to demonstrate a genuine dispute of material fact. *Moyers v. Poon*, 2017 WL 2963438, * 4 (June 26, 2017) (mem.) (citing *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 18 (1995)). The nonmoving party may not rest upon the pleadings, nor on unsupported allegations. *E.g.*, *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432. Rather, that party "must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." *Id.* (quoting *Alpstetten Ass'n, Inc. v. Kelly*, 137 Vt. 508, 514 (1979)). "[I]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," the court must grant summary judgment. V.R.C.P. 56(a).

Here, the Cotas have met their burden. Ms. Barone, however, has failed to meet hers. Even with "the benefit of all reasonable doubts and inferences," *Carr v. Peerless Ins. Co.*, 168 Vt. 465, 476 (1998), she can prove at most the following facts.[1]

On October 28, 2018 the Cotas allowed their two large golden retrievers, Reese and

---

[1] To be certain that it is giving Ms. Barone "the benefit of all reasonable doubts and inferences," the statement that follows is her own version of the facts, drawn virtually verbatim from her Memorandum in Opposition. The court notes that several of these facts are inadmissible and several are completely unsupported by the record.

Order
205-3-20 Cncv Barone et al vs. Cota et al

Page **1** of **4**

Ranger, to run unleashed into the public street in front of their home causing Dawn Barone, who was walking her young dog, to fall and break her ankle. Prior to October 28, 2018, the defendants were aware that Reese and Ranger would bark at passersby and jump up at the living room window of their home. The dogs were large—Reese weighed between 50 to 55 pounds, and Ranger weighed between 55 to 60 pounds. The Cotas would play with Reese and Ranger off leash in their yard. Typically, the dogs did not wear collars. Prior to October 28, 2018 the Cotas had seen Reese and Ranger run up to passersby on the street and be exuberant. The Cotas would try to restrain Reese and Ranger out in the yard if they saw people walking by on the street. Prior to the incident here, the yard was unfenced; it was fenced afterwards. The Ordinance for the Care and Control of Dogs in the Town of Milton prohibits dog owners from allowing their dogs to run at large off their premises on any public or private property. As a result of this incident on October 28, 2018, defendants were cited for violating the Town of Milton's Dog Ordinance by allowing the. dogs to run at large and did not contest the citation. Ms. Cota acknowledged that failing to comply with the Ordinance for the Care and Control of Dogs in the Town of Milton could put people at risk of harm.

As noted above, the preceding statement has been drawn virtually verbatim from Ms. Barone's Memorandum in Opposition. The court notes that some of these facts are inadmissible and others are completely unsupported by the record. For example, Ms. Cota's attorney, who authored the Memorandum, surely knows that the erection of a fence after the incident is inadmissible pursuant to V.R.E. 407, and that failure to contest a municipal ordinance violation is competent proof of nothing—even if the ordinance were shown, as has not been done here, to be a safety statute. *See Dalmer v. State*, 174 Vt. 157, 164 (2002). Perhaps even more egregiously, the statement that "Ms. Cota acknowledged that failing to comply with the Ordinance for the Care and Control of Dogs in the Town of Milton could put people at risk of harm" is completely unsupported by the accompanying citation to the record. Lest there be no question in this regard, the court quotes verbatim the entire deposition passage Ms. Barone cites:

> Q. So when you would throw the ball, they'd be off-leash?
> A. Correct.
> Q. Was that the front and the backyard?
> A. Typically the back or the side yard.
> Q. The side yard that's depicted on Exhibit 7?
> A. Right here (indicating).
> Q. Yeah, the side yard as you're approaching the house as in this picture?
> A. Correct.
> Q. And they'd be off-leash?
> A. Yes.

Deposition of Ariel Cota, p. 24, lines 9-24, as referenced in Ms. Barone's Statement of Undisputed Facts, ¶ 9, and attached to Affidavit of Mary G. Kirkpatrick. Nevertheless, to be certain that it is giving Ms. Barone "the benefit of all reasonable doubts and inferences," the court adopts her statement.

Even if Ms, Barone could prove what she now claims in her motion papers, she could not prevail in this case. It is hornbook law that foresight of harm lies at the foundation of negligence. *E.g.*, *Thompson v. Green Mtn. Power Corp.*, 120 Vt. 478, 483 (1958); *see also* W. Page Keeton, *et al.*, Prosser and Keeton on Torts 208 (5th ed. 1984) ("The amount of care demanded by the standard of reasonable conduct must be in proportion to the apparent risk."). Thus, "[u]nder Vermont common law, a dog's owner 'is not liable for injuries to persons and property unless the owner had some reason to know the animal was a probable source of danger.'." *Gross v. Turner*, 2018 VT 20, ¶ 22, 208 Vt. 112 (citation omitted). This is not a novel concept; over a century of Vermont jurisprudence makes clear that one seeking to recover for injuries suffered at the hand (so to speak) of a dog must prove at least that the defendant had knowledge of the dog's dangerous propensities. *See, e.g.*, *Hillier v. Noble*, 142 Vt. 552, 556 (1983) (liability depends on an owner having "some reason to know the animal was a probable source of danger"); *Carr v. Case*, 135 Vt. 524, 525 (1977) (a liable owner must have "reason to know that his dog might bite some person"); *Davis v. Bedell*, 123 Vt. 441, 443 (1977) (owner must have "had some reason to know the animal was a probable source of danger"); *Godeau v. Blood*, 52 Vt. 251, 253 (1880) (to be liable, owner must have had "good reason to believe, from his knowledge of the ferocious nature and propensity of the dog, that there was a ground to apprehend that he would, under some circumstances, bite a person").

Even Ms. Barone's exaggerated version of the facts fails to meet this standard. Simply stated, the facts that the dogs were large, exuberant, jumped and barked at passersby from indoors, and were allowed off leash outdoors does not support any reasonable inference that they posed any danger to anyone. *Cf. Carvalho v. Grzankowski*, 36 F. Supp. 3d 423, 431 (D. Vt. 2014) (declining to impose liability on owners who knew that their puppy was "energetic and excitable," "especially around other dogs"). Nor does the fact that the Cotas tried to restrain their dogs when they saw passersby on the street fairly support an inference that they knew of any dangerous propensities.

The requirement that the court, on summary judgment, give the non-moving party the benefit of all "reasonable doubts and inferences" does not go so far as to require that the court accept any inference that party may suggest. Here, Ms. Barone goes too far; she would have the court impose liability upon dog owners when their dogs behave like dogs. *See id.* ("[T]he limited precedent the court has found declines to impose liability based on a dog's 'normal canine behavior.' "). This is an

invitation to impose something akin to strict liability, which our Court has expressly rejected. *Martin v. Christman*, 2014 VT 55, ¶ 16, 196 Vt. 536. This court declines the invitation. Absent proof of some dangerous propensity and knowledge thereof—both completely lacking here—the Cotas owed Ms. Barone no duty.

## **ORDER**

The court grants the Cotas' Motion for Summary Judgment. The clerk will enter judgment for Defendants. All claims are dismissed with prejudice.


Samuel Hoar, Jr.
Superior Court Judge