## STATE OF VERMONT

**SUPERIOR COURT**
Rutland Unit

**CIVIL DIVISION**
Docket No. 31-1-15 Rdcv

**ROBERT D. PRATT, SR.,**
    Plaintiff

    v.

**SHERWIN YOUNG,**
    Defendant

FILED

APR 1 4 2016

VERMONT SUPERIOR COURT
RUTLAND

## DECISION
Defendant's Motion for Summary Judgment

This matter came before the Court on the 16th of February, 2016 for hearing on the Defendant's Motion for Summary Judgment. The Plaintiff was present with his attorney, Karl C. Anderson, and the Defendant was represented by his attorney, John E. Brady. For the reasons set forth below, the Court grants the Defendant's Motion for Summary Judgment.

### Background

This case arises out of an incident involving a dog bite that the Plaintiff alleges occurred in October 2012. At the time of the incident, the Plaintiff was a tenant in a rental property owned by the Defendant. Timothy Cummings was a tenant in a different apartment owned by the Defendant at the same address. Mr. Cummings kept a dog named Zeus in his apartment. On the day of the incident, Mr. Cummings invited the Plaintiff into his apartment and the Plaintiff entered. While the Plaintiff was in Mr. Cummings's apartment, the Plaintiff reached out his hand to pet Zeus, and Zeus allegedly bit the Plaintiff's hand, injuring the Plaintiff. The Plaintiff now sues the Defendant, claiming that the Defendant was negligent in allowing Mr. Cummings to harbor a dangerous and vicious dog in his apartment, and that the Plaintiff's injuries were caused by this negligence.

### Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. V.R.C.P. 56; *In re Holbrook*, 2016 VT 13, ¶ 28.

1

## Analysis

On summary judgment, the parties do not dispute the material facts that form the basis of the Plaintiff's claim. The issue in dispute is the extent of the Defendant's legal duty. The existence of a legal duty of care is an essential element of a claim for negligence, and "an action for negligence fails in the absence of a duty of care." *Langlois v. Town of Proctor*, 2014 VT 130, ¶ 7 (quoting *Buxton v. Springfield Lodge No. 679, Loyal Order of Moose*, 2014 VT 52, ¶ 7). "Whether a duty was present, as well as the scope of any duty, is primarily a question of law." *Id.*

The Defendant argues that Vermont law imposes no duty of care on a residential landlord to protect an invited guest of a tenant from attack by the tenant's dog. The Defendant correctly notes that the corpus of Vermont dog bite cases explores only the liability of the dog owner. *See, e.g., Martin v. Christman*, 2014 VT 55; *Carr v. Case*, 135 Vt. 524 (1977); *Hillier v. Noble*, 142 Vt. 552 (1983); *Davis v. Bedell*, 123 Vt. 441 (1963); *Godeau v. Blood*, 52 Vt. 251 (1880). Indeed, there are no Vermont cases where liability has been imposed upon a landlord for an attack by a tenant's dog.

The Defendant also points to the case law on the general duty of a landlord to the guests of a tenant. In particular, the Defendant cites *Beaulac v. Robie and Slayton*, 92 Vt. 27, 32-33 (1917), a case that involved an unsafe trapdoor on leased retail premises. A retail customer fell through the unsafe trapdoor and was injured. In ruling that the customer had no cause of action against the landlord, the Supreme Court of Vermont stated that "persons who claim damages on the ground that they are invited into a dangerous place in which they receive injuries must seek their remedy against the person who invited them, and there is nothing in the relation of the landlord and tenant which changes this rule." *Id.* The Defendant correctly argues that the application of the holding of *Beaulac*, *id.*, to this case compels the conclusion that the Defendant was under no duty of care with respect to the Plaintiff and the dog in Mr. Cummings's apartment.

The Plaintiff argues in opposition that *Beaulac*, *id.*, should not govern, and that the more recent case of *Favreau v. Miller*, 156 Vt. 222, 228 (1991), should control. In *Favreau*, *id.*, the plaintiff tenant was injured falling from a dangerous attic staircase in her apartment, and sued her landlord. The Court held that a landlord can be held liable for exposing a tenant to an unreasonable risk of harm in the leased premises. *Id.*

Contrary to the Plaintiff's characterization, *Favreau* did not overturn the principles that led to the *Beaulac* decision. *Favreau* stands for the proposition that a

landlord leasing an apartment to a tenant has a duty to that tenant with respect to dangerous conditions in that apartment. *Favreau* is silent on the question of a landlord's duty to third-party invitees, a question that remains controlled by *Beaulac*. To be clear, the Plaintiff here stands in the place of a third-party invitee to Mr. Cummings's apartment, where the injury occurred; the fact that the Plaintiff was a tenant of another unit owned by the Defendant at the same address does not alter the analysis.

The Court therefore concludes that, under established Vermont law regarding the extent of liability for dog bites and the extent of landlord liability for the injuries to third-party invitees of tenants, the Defendant had no duty of care with respect to the Plaintiff and the risk of a bite from Mr. Cummings's dog.

The Plaintiff in opposition further points to *Matthews v. Amberwood Associates Ltd. Partnership, Inc.*, 719 A.2d 119, 124-26 (Md. 1998), a Maryland case where a residential landlord was held liable for injuries suffered by an invited guest on a tenant's premises. However, in *Matthews, id.*, the Maryland court's analysis hinged on the fact that the landlord retained control over the leased premises through a no-pets clause in the lease. The Maryland court heavily emphasized the importance of the landlord's retention of control over the presence of animals on the leased premises.

In the present case, though, the Plaintiff has presented no evidence suggesting that the Defendant retained any control over the presence of animals on the leased premises via any written lease term. Counsel for the Defendant indicated at hearing that there was in fact no written lease at all, and counsel for the Plaintiff did not dispute this assertion. Though the Defendant is the summary judgment movant and bears the evidentiary burden in the first instance, the Plaintiff remains responsible for supporting assertions of fact that are crucial to his legal theory. "If the nonmoving party fails to establish an essential element of its case on which it has the burden of proof at trial, the moving party is entitled to summary judgment as a matter of law." *Washington v. Pierce*, 2005 VT 125, ¶ 17 (quoting *State v. G. S. Blodgett Co.*, 163 Vt. 175, 180 (1995)). Thus, even if the Court were to adopt the Maryland rule, there would remain no evidence to give rise to a triable issue regarding the extent of the Defendant's control over the presence of animals on the premises.

Both parties cite numerous other cases from other jurisdictions considering issues closely related to the one presented by this case. Different states have taken a wide range of different approaches to this question. However, the rule urged by

the Plaintiff, imposing liability upon landlords for their tenants' dogs' bites, would be a significant departure from clearly established Vermont law. Such an expansion of liability is not supported by compelling public policy reasons.

Accordingly, the Court concludes that the Defendant had no duty of care with respect to the Plaintiff and the risk of a bite from Mr. Cummings's dog. Plaintiff is therefore unable to prove the duty element of his negligence claim.

## ORDER

For the reasons set forth above, the Defendant's Motion for Summary Judgment is *granted*. Defendant's counsel shall submit a proposed form of judgment for Defendant.

Dated at Rutland this 12th day of April, 2016.

Mary Miles Teachout
Superior Court Judge